LITTLE ROCK & FT. SMITH RAILWAY CO. v. CAGLE.

Decided June 7, 1890.

*Railway using track of another—Negligence—Injury to employe.*

Where a railway company negligently used for the passage of its trains a defective track belonging to another person, it is liable for a resulting injury to an employe.

APPEAL from *Pope* Circuit Court.

G. S. CUNNINGHAM, Judge.

*Dodge & Johnson* for appellant.

1. There must be some evidence of negligence on the part of the company, either in providing improper materials, or in suffering materials or structures, *over which it has control* and which have become defective, to remain in use.    119 Mass., 412; 91 Ill., 474; 92 Ill., 139; 44 Ark., 529; 46 Ark., 555; 41 Ark., 382.

2. The burden of proof is on the employe, not only to clear himself of contributory negligence, but to show his ignorance of the defects which caused the injury.    43 Iowa, 662; 53 Ga., 488; 56 Ga., 586.    Plaintiff, by his deliberate acts, assumed such risks as were incident to the discharge of his duties, made more dangerous by causes open and obvious, the dangerous character of which he had, and at the time did have, an opportunity to ascertain.    3 Hill, 319; 39 N. Y., 471; 125 Mass., 79.

3. If plaintiff knew the condition of the platform, or if he was in such a position as to have known of its condition, or if, in the exercise of ordinary care, he ought to have known of its condition, the company is excusable.    48 Ark., 346; Wood on M. & S., sec. 376, and cases cited.    There must be fault on the part of the master and freedom from contributory fault on the part of the servant, and the fault must be traceable directly to the master.    90 Mass., 575; 46 Ark., 567; 41 Ark., 393; 22 Ind., 29; 20 Mich., 105; 4 Ore., 52.

*A. S. McKennon* for appellee.

The proof shows that the scales formed a part of the railroad's road-bed, and that the ties and rails were laid by its employes, and that all the loaded cars from the mines were hauled over this track, and that couplings were almost invariably made upon the platform of the scales.    The section boss and crew worked upon and kept the spur track to the mines in repair, and it was the company's duty to do so. No matter who owned the track, or the scales, it was appel-

lant's duty to keep the track in repair, and it alone is responsible. 48 Ark., 346; 2 S. W. Rep., 513; 26 Minn., 40; 106 Ill., 534; 31 A. & E. R. R. Cas., 322; 10 S. W. Rep., 529; McKinney on Fel. Serv., secs. 29, 135; 11 A. & E. R. R. Cas., 233.

HUGHES, J.    Appellee sued and recovered judgment for $5,000.00 against appellant, for an injury sustained by him, while in the employ of said railway company as yard foreman, at Coal Hill, Ark., on the 17th of December, 1887, by reason of a hole in the platform of the platform scales at that place owned by the Stiewell Coal Company, into which appellee stepped in the night time, and fell while attempting to couple cars, which the evidence shows it was his ·duty to do.

The appellant in its answer denied that the platform scales were defendant's property, or that it had any control. over or ownership of the same, or that they were at the time of the injury out of order or defective through any fault or negligence of defendant.    It denied all negligence, and charged the appellee with contributory negligence.

The proof showed that the appellee was injured on the night of the 17th of December, 1887; that the hole in the platform scales, into which appellee stepped and fell when he was injured by the moving car of appellant, was about seven inches wide by about fourteen inches long, and had existed since October, 1887, and was plain to be seen, and was known to several persons who had been about the scales; that appellee commenced work there about November 17, 1887. He worked there at night only, and swore he knew nothing of the hole in the platform before he was hurt; that he fell into the hole while the train was moving at the rate of two and a half miles an hour; that he fell on the west end of the car, his arm being over the bumper at the end of the car; he held on to it, and it pulled him out of the hole and down to an-

other car, and, as the cars came together, his left arm and right wrist were crushed.

It was shown that the Stiewell Coal Company owned the land where the scales were situated; that it graded the track and furnished the ties for the railroad switch which ran down to their coal mines; that the railroad company furnished the rails, and put them down on the ties, and kept the track in repair; it had nothing to do with constructing or building the scales.   They were the property of the coal company.   The spur track ran up to and over these scales a short distance, and they were near and directly beneath the main coal shutes of the coal company, and had been erected there by it for the purpose of weighing the coal as it was loaded on the cars of the railway company.

The court upon plaintiff's motion instructed the jury:

1.   "When the defendant employed plaintiff, it assumed the duty of providing and keeping its road-bed and track in a reasonably safe condition, so as not unnecessarily to enhance the danger attending his employment, and plaintiff assumed the natural risks of his employment, but did not assume such risks as result from the negligence of defendant in failing to keep its road-bed and track in such reasonably safe condition."

3.   "It devolves upon defendant to establish by a preponderance of evidence the defense of contributory negligence."

4.   "If you believe from the evidence that there was a hole in the planking over the scales, over which defendant's track was laid, which was noticeable and dangerous, and which by reasonable and ordinary diligence and care should have been discovered and repaired by defendant, and such repair was not made, and that plaintiff did not know, and by the exercise of ordinary care and diligence might not have known, of such defect, and, in the performance of his duties in trying to couple defendant's cars, plaintiff fell into said

hole and thereby received the injuries mentioned in his complaint, he is entitled to recover.''

5. ''If you find for the plaintiff, in assessing his damages you may consider the character of the injuries received by him, how far they disable him from pursuing his ordinary occupation, and also the physical suffering to which he was subjected by reason of such injuries, and allow such damages as in your judgment would be a fair and just compensation for the same, not exceeding the amount claimed in his complaint.''

On motion of defendant the court instructed the jury:

1. ''This is a suit by the plaintiff against the defendant to recover damages, for the loss of his arm while coupling cars on a side track or switch at Stiewell's coal mines, near Coal Hill, and while in the discharge of his duty as yard-master. If you find from the evidence that the track over the scales was defectively constructed, but that the plaintiff was acquainted with its construction at the time of his employment at Coal Hill, or could have discovered the same by the exercise of ordinary care, and had been for a long time prior to his injury performing his duties as yard-master coupling and uncoupling cars on the same without making any objection as to its construction, or demanding that the defendant remedy the same, and continued to work there with full knowledge of the condition of the track, you are instructed that the plaintiff assumed the risk growing out of the defect, and cannot recover anything because of an injury arising therefrom while attempting to couple cars on the scales or switch.''

''You are instructed that a railway company will not be liable for personal injury received while coupling cars having double bumpers, simply because a higher degree of care is required in using them than those differently constructed.''

The appellant excepted to the giving of instruction numbered four asked for by appellee, and to the court's refusal to

give instructions asked for by it, and carried their objections. into their motion for a new trial, and insisted in their motion that the verdict was contrary to the law and the evidence, and was excessive.

The facts were fairly submitted to the jury, and we cannot disturb their verdict on the facts.

The law was fairly and sufficiently charged by the court.

The only question to be considered is whether the appellant was liable, conceding that the spur track and the platform scales were built by, and upon the land of, the Stiewell Coal Company, and that it owned and controlled the scales.

*Railway using another's track—Negligence.* In *Stetler v. The Chicago and North Western Railway Company*, 49 Wis., 609, it was said that: "The rule of law in regard to passenger carriers, who run over other roads than their own, seems now to be pretty well established, that the first company is responsible for the entire route, and must take the risk of the negligence of the employes of the other companies." And the rule was held to apply between the railroad company and its employes. In this case it was determined that: where the owners of a private railway track, occasionally employed by a railroad company for a special use, have negligently suffered it to remain in a dangerous condition for such use, though trains are run upon it slowly and carefully, the company voluntarily running its trains thereon is liable for an injury to one of its own employes caused proximately by such negligence. See same case in 46 Wis., 502. *The Wabash, St. L. & Pac. Ry. Co. v. Annie M. Peyton*, 106 Ill., 534, where it is held that: "A railroad company is held to the exercise of due care for the safety of all persons, while exercising its franchises, whether on its own road, or on that of another company."

In *Smith v. Memphis & Little Rock R. R. Co.* (C. C. Western Dist. Tenn.), 18 Fed. Rep., 304, Judge Hammond says (p. 310): "All masters are bound to furnish their servants with suitable and reasonably safe tools and appliances

for the work they are required to do, and the sources of their title to the tools, and its extent, whether owned by them, leased, borrowed, or otherwise placed in their possession for use, are wholly immaterial. As between them they are the tools of the master, and he is liable to the servants for their defects."

This railroad, as between the plaintiff and defendant, was the railroad of defendant, and it has been properly held liable to appellee as its servant.

There is no question of the negligence of a fellow-servant involved here. The injury of appellee seems to have been a very severe one, necessitating the amputation of one arm, and permanently lessening his capacity for labor, and we cannot say that the verdict was excessive.

The judgment is affirmed.