70   295
f78   510

ARKANSAS CENTRAL RAILROAD COMPANY *v.* JACKSON.

Opinion delivered March 22, 1902.

1. INJURY TO BRAKEMAN—UNBALLASTED TRACK.—A switchman employed in switching cars upon a track not belonging to his employer, with which he is unacquainted, has a right to presume that such track is properly ballasted, though his employer's track is known to him to be unballasted. (Page 299.)

2. RAILWAY USING ANOTHER'S TRACK—LIABILITY.—A railroad company, or its receiver, is liable for using the unballasted track of another road if injury occurs to an employee thereby. (Page 299.)

3. MASTER AND SERVANT—ASSUMPTION OF RISK.—The risk of danger arising from a master's failure to perform his duty is not assumed by his servant. (Page 299 )

Appeal from Sebastian Circuit Court.

STYLES T. ROWE, Judge.

Affirmed.

### STATEMENT BY THE COURT.

W. L. Jackson, the appellee, a brakeman on appellant company's road, brought this action against the Arkansas Central Railroad Company and William Blair, receiver of said company, and recovered damages for the loss of a finger, in the sum of $750.50, sustained while coupling cars on a switch or spur track of the St. Louis, Iron Mountain & Southern Railway Company near the city of Fort Smith.

The complaint alleged, in substance, that, through an arrangement between the receiver and the St. Louis, Iron Mountain & Southern Railway Company, the receiver had secured the use of the terminal facilities of the latter road in the city of Fort Smith, and was using the same, under their agreement, at the time plaintiff was injured; that in the yards was a spur or switch track, which had been negligently constructed and maintained, in that the same was not ballasted, that is, that the ties of said switch track were laid on the ground and the iron rails on the ties, without any dirt or other material thrown between the ties so as to fill the spaces between them; that the receiver was using the said unballasted switch track in operating said road, and that, while so using the same, the plaintiff was directed by the conductor to make a coupling of a certain car standing on said switch track with the train, which plaintiff proceeded to do; the plaintiff never having been engaged in braking on said switch track before, and not knowing or being informed of its condition, or that it was unballasted, and that, in making said coupling, plaintiff, without negligence on his part, stepped on and fell from the edge of one of the ties into the unballasted space between the ties, which caused his left hand to be caught between the drawheads of the cars he was attempting to couple, and terribly mashed, bruised and lacerated, and part of the thumb and two fingers were cut off, and plaintiff suffered then and for a long time thereafter great agony and pain therefrom, and that the use of his hand had been materially impaired for life; and plaintiff claimed $5,000 damages.

Defendant answered, and denied the allegations of the complaint, and charged the plaintiff with contributory negligence.

The testimony tended to show that the Arkansas Central Railroad was in the hands of Blair, receiver, and being operated by him, and that it was in an unfinished condition, and that plaintiff was a brakeman on that road; that he knew that that road was unballasted, and accepted employment on it as a brakeman with knowledge of its condition; that plaintiff's injury occurred at about 10 o'clock a. m. His statement is that the train stopped at this spur or switch track, before it came into the depot at Fort Smith, to set out some cars; that the engineer pulled the cars forward, another brakeman opened the switch, and he went back up the spur track to couple the cars onto some other cars which were standing on this spur track; that the cars which were being set out came back slowly, approaching the stationary cars, when he

stepped in to make the coupling, and that his foot dropped into a hole between the ties, which caused him to fall, and in falling he threw his hand between the couplers and his hand was mashed, causing the loss of his fingers; that he did not know, and had not been informed, of the condition of that track. The space into which he says his foot fell was 16 to 18 inches wide, 6 inches deep and 8 feet long. He says that weeds covered the track there, so that he could not see. There was testimony tending to show that plaintiff occupied a wrong position in attempting to couple the cars; that is, that he faced the wrong way, and used the left hand instead of the right.

The court gave the following instructions on behalf of the plaintiff:

"1. The use of a railroad track by one who is not the owner of it makes the party using it responsible to its employees precisely as if he had owned it.

"2. It was the duty of the defendants to exercise ordinary care and diligence to provide a reasonably safe track at this place for the use of the plaintiff, and if they failed to perform that duty, and plaintiff was injured by reason of such failure, then the plaintiff may recover, unless he was guilty of negligence which contributed to his injury, or knew or ought to have known of the defect of the track before attempting to use it.

"3½. If, under all the circumstances which surrounded the plaintiff at the time of the accident, he ought to have observed and comprehended the danger of an unballasted track, if the same was unballasted, before using it, then he assumed the risk in that condition, and cannot recover. The fact that he might know of the defect, or that he had means of knowing it, will not preclude him from recovery, unless he did in fact know them, or in the exercise of ordinary care ought to have known of them.

"4. The plaintiff was not bound to inspect this track before using it, but had the right to rely upon his employer for the performance of his duty in that behalf, as hereinbefore outlined, and if you find that the track was unballasted when it should have been, and on this account was unsafe, and that the plaintiff, in the exercise of ordinary care and prudence, did not observe its condition before attempting to use it, then he did not assume the risk of its condition, and may recover for an injury caused by such want of ballast.

"6. If you find for the plaintiff, you will give him such damages as will be a fair and just compensation for the pecuniary loss which he incurred as a result of his injury, and also for all his suffering as a result of his injury. In estimating his losses, you will take into consideration his age, habits and earning capacity at the time he was injured, the time lost by reason of his injury, and the decreased earning capacity for the future, if you find a decrease in that respect. For his sufferings there is no fixed rule of law, and you will give him such a sum as in your good judgment, honestly exercised, you believe will compensate him for the mental and physical pain and suffering at the time of the injury and afterwards, including any mental anguish and mortification and any physical inconvenience he may suffer in the future by reason of the mutilation of his hand."

To the giving of each one of these instructions the defendants objected, and saved their several exceptions.

Several instructions asked by the defendant were given, and several asked by it were refused, and the defendant excepted to those given for plaintiff, and to the refusal of those asked for by defendant.

Motion for new trial overruled, and defendant excepted and appealed.

*Oscar L. Miles,* for appellant.

The appellee assumed the risk of the alleged defect. 54 Ark. 393; 53 Ark. 128; 48 Ark. 346; 39 Fed. 419; 122 U. S. 189; 129 N. Y. 669; 48 Kan. 654; 47 Ill. 200; 97 Mich. 265; 152 Ind. 392; 134 Ind. 625; 138 Ind. 496; 14 Am. & Eng. R. Cas. (N. S.), 639; 14 *id.* 704; 88 N. Y. 264; 48 Ark. 474; 41 Ark. 549; 51 Ark. 467; 46 Ark. 555; 44 Ark. 529; 16 Am. & Eng. R. Cas. (N. S.), 320; 16 *id.* 515; 57 S. W. 1108; 58 S. W. 370; Elliott, Railroads, § 1296, n. 1. Appellee is barred by contributory negligence.

*Mechem & Bryant,* for appellee.

The receiver was responsible for the condition of the leased track. 53 Ark. 547. The employer was required to furnish a reasonably safe track, and the appellee had a right to rely upon its so doing. 48 Ark. 333; 57 Ark. 377; 177 Ill. 376; 174 Ill. 109; 166 Ill. 278; 99 Wis. 109; 56 Fed. 1009; 87 Fed. 849; 8 Allen, 444; 70 Tex. 222.

HUGHES, J., (after stating the facts.)   The appellants contend that, having been employed to brake cars on the Arkansas Central, and knowing that its tracks were not ballasted or filled in between the ties, he must be held to have assumed the risk ordinarily incident to its employment.   But the injury did not occur on the Arkansas Central Railroad, but on a switch or spur track of the Iron Mountain Railway Company, which might reasonably have been supposed to be properly ballasted in its switch yards. The appellee had a right to rely upon this having been done, as it was a duty the master owed his servants.   He was obliged to furnish them a reasonably safe place in which to exercise their employment.   *Little Rock, M. R. & T. R. Co.* v. *Leverett,* 48 Ark. 333.

The evidence showed that it was the custom of railroads to have such tracks ballasted; that brakemen do not anticipate that they will be unballasted.   The company or receiver was liable for using an unballasted track on another road, if injury occurred by reason thereof.   *Little Rock & H. S. Ry. Co.* v. *Cagle,* 53 Ark. 347. The law requires a railroad company to furnish a reasonably safe track inside the switching limits where switching is required to be done.   *Lake Erie & W. R. Co.* v. *Morrissey,* 177 Ill. 376; *Illinois Central R. Co.* v. *Cozby,* 174 Ill. 109; *Little Rock & Memphis R. Co.* v. *Moseley,* 56 Fed. Rep. 1009; *Hollenbeck* v. *Missouri Pac. R. Co.,* 38 S. W. 723.

The appellee did not assume the risk of danger arising from plaintiff's failure to perform its duty.   This was not in the contract of service.   *Little Rock, M. R. & T. R. Co.* v. *Leverett,* 48 Ark. 333.

The question of plaintiff's contributory negligence was for the jury, and was left to them by the instructions.   We find no reversible error in the instruction.   The damages are not excessive.

The judgment is affirmed.