ARKADELPHIA LUMBER COMPANY *v.* SMITH.

Opinion delivered April 23, 1906.

1. MASTER AND SERVANT—SAFE APPLIANCES.—Where, at the time a servant was employed, the master undertook to furnish him a handcar and a railway track to transport him to his home after his day's labor, it is immaterial that the track belonged to a separate railroad company, and the master became liable to the servant in the same manner and to the same extent as if the railroad had belonged to the master. (Page 510.)

2. SAME—LOGGING ROAD.—Although a logging road is not expected or required to be laid with the same care and security, or to be as solid and complete, as is demanded in the construction of railway tracks in use by common carriers, nevertheless it should be so constructed and operated as to render it secure to those whose employment necessitates their going upon such road and performing services in connection with the same. (Page 510.)

3. SAME—STRUCTURAL DEFECT.—Evidence which tended to show that, at the place where plaintiff was injured by the derailment of the handcar on which he was riding, an old rail had shortly before been laid which had six or eight inches of the ball broken off, thereby causing a low joint, and that this was the proximate cause of plaintiff's injury, was insufficient to prove a structural defect for which the master would be liable without previous notice. (Page 511.)

Appeal from Clark Circuit Court; *Joel D. Conway,* Judge; affirmed.

*J. H. Crawford,* for appellant.

1. This case is distinguishable from 53 Ark. 347 and 70 Ark. 290, relied on by plaintiff, in that in each of those cases the plaintiff was injured in the course of his duties, while at the work he was employed to do, at a time when he was upon tracks over which the railway company operated trains under contract with the owner, while in this case the employees of one company

used at their own request a handcar upon tracks of a railway company, a stranger, for their own convenience. Plaintiff is not entitled to recover. 64 N. E. 587.

2. If any duty devolved upon defendant with reference to the tracks, there is no proof that defendant knew, or by the exercise of ordinary care ought to have known, of the defect. 46 Ark. 555; 41 Ark. 579; 54 Ark. 395; 67 Ark. 303; 17 L. R. A. 450.

3. The same degree of care and security is not required in the laying of log roads as in roads of common carriers, nor are they required to be operated with the same degree of prudence. The care required depends upon the character and nature of the work to be done. 29 So. 874; 46 Wis. 497; 18 N. W. 584. If the track is such as to be used without danger by the exercise of ordinary care, the master has discharged his duty, and is not liable for accidents. 37 Am. Rep. 686; 17 L. R. A. 452. See also 35 Ark. 615.

4. Appellee, being familiar with the track and the kind of rails used in it, assumed the risk of injury. 4 Thomp. Neg. § 4643; 48 Ark. 333; 40 Mich. 247.

5. Instructions should not be based upon unproved hypotheses. 41 Ark. 392. It is error, in instructions to the jury, to assume as true the existence of facts in issue. 24 Ark. 540; 33 Ark. 375; 45 Ark. 256. If an injury is caused by a defect common to railroads, and could not have been avoided by reasonable care, the defendant is not liable. 48 Ark. 475. Defendant's first instruction should have been given. 7 S. E. 283.

*Smead & Powell* and *McMillan & McMillan,* for appellee.

1. It is in evidence, uncontradicted, that appellant furnished the handcar and the track. It was the custom of appellant to furnish handcars to its employees, and it was understood, when appellee was employed, that he was to be furnished transportation to and from his work. This case is controlled by 53 Ark. 347, and 70 Ark. 295. Whether the plaintiff was in the employ of the appellant at the time of the accident was a question of fact for the jury. 17 Wall. 509. Appellee, under the facts, was in the employ of the appellant at the time the injury occurred. 87 Am. Dec. 635; 10 Cush. 228; 14 Gray, 446; 23 Pa. St. 384; 5 Am. St. Rep. 178.

2. The proof shows that the track could have been laid and maintained in a reasonably safe condition, and appellant owed this duty to the appellee. It was for the jury to say from the evidence whether appellant knew of the defect, or in the exercise of ordinary care and diligence ought to have known of it. 46 Ark. 568. The evidence being legally sufficient to sustain the verdict, it will be upheld. 51 Ark. 467; 23 Ark. 131. A new trial will not be awarded unless there is a total want of evidence to sustain the verdict. Crawford's Digest, 146. See also 89 S. W. (Ark.), 468; 57 Ark. 461; 66 Ark. 363; 88 S. W. (Ark.), 824.

3. It is not as to the general condition of the track, but where the accident occurred, that plaintiff complains, and says the track was defective. The proof is conclusive that there was a defective rail, low joint and swinging joint. The appellant should have known of its existence, and of the increased danger to appellee resulting from it. 57 Ark. 382. If appellee was injured by reason of appellant's negligence in not maintaining a reasonably safe spur track, he is entitled to recover, unless he was guilty of contributory negligence which proximately caused the injury. 48 Ark. 345; 87 Am. St. Rep. 559 and note; 92 Am. Dec. 206 and note; 152 U. S. 689; 57 Ark. 377.

4. Appellee was not required to inspect the track before using it. He could rely upon the master to furnish a reasonably safe track. The fact that he knew that the track was laid on the ground, and that worn rails were used, would not prevent his recovering. Appellant ought not to have placed this rail in the track, because there was "an apparent cause of danger in its continued use." 35 Ark. 615; 18 Am. St. Rep. 729; 92 Mo. 440; 85 Am. Dec. 720; 57 Ark. 160; *Ib.* 383; 18 S. W. 977; 60 Ark. 438; 87 Mo. 545.

5. If the instructions given at appellee's request are in the abstract right, as admitted by appellant, there is no reversible error, unless appellant had asked and been refused more special instructions. 56 Ark. 602. Instructions are to be taken as a whole and construed together. 48 Ark. 407.

BATTLE, J. On the 15th day of October, 1900, Oscar Smith was seriously injured while in the service of the Arkadelphia Lumber Company. He brought this action against the lumber company to recover damages sustained by reason of the injuries.

The lumber company is a corporation, and owned and operated a saw and planing mill at Daleville, in Clark County, in this State, on or near the railroad of the Ultima Thule, Arkadelphia & Mississippi Railway Company, and was engaged in the manufacture of lumber. A lateral railroad was constructed from the main line of the railway company to and into the timber lands of the lumber company, and was used in transporting logs from the lands of the lumber company to its mill to be manufactured into lumber. Its track was temporarily laid, and in such manner as to be removed to the timber of the lumber company on different tracts of land with the least expense. Plaintiff and many others were employed by the defendant, and were engaged in hauling logs to various places on the lateral railroad by means of teams and wagons.

The evidence in this case tended to prove that the defendant owned and furnished railroad handcars to its teamsters at the close of the day to convey them from their work to their respective homes over the railroad, and that it was understood when a teamster was employed that he would be furnished with a handcar for such a purpose, and it was so understood when plaintiff was employed; and that when the lateral road was constructed it furnished such cars to its teamsters for transportation over it to their homes after each day's work was done.

On the 15th day of October, 1900, the defendant furnished plaintiff and four other teamsters with a handcar to carry them to their homes over the lateral road. They boarded the same, and were propelling it over the lateral road at the rate of six or eight miles an hour, when it ran off the track, and violently threw the plaintiff to the ground, and seriously injured him. There was evidence tending to prove that at the place where the accident occurred the track of the lateral road had been recently laid, and an old rail, worse than the other rails on the track, with the ball or T thereof broken off for eight or ten inches, formed a part of the track at the time it was laid, and that there was a low joint in this part of the track; all of which was a defect in the construction of the track. There was also evidence tending to prove that this defect was unknown to the plaintiff at the time of the accident, and that he was making his third trip over the same when he was injured.

D. B. Hart testified that he was a tracklayer on the lateral road at the time plaintiff was injured, and as such was in the employment of the defendant.

W. E. Hubbard testified that he was an engineer operating an engine on the lateral road, and was in the employment of the defendant and of the Ultima Thule, Arkadelphia & Mississippi Railway Company.

The court instructed the jury at the request of plaintiff, over the objections of the defendant, in part, as follows:

"1.  If you find from the testimony that the handcar and roadbed were furnished plaintiff by defendant or by the defendant's foreman, Will Richardson, then the source of its title to said roadbed, whether owned by the defendant, leased, borrowed or otherwise placed in his possession for use, is wholly immaterial. As between plaintiff and defendant, the roadbed is the property of the defendant.

"2.  It was the duty of the defendant to exercise ordinary care and diligence to provide a reasonably safe track at this place for the use of the plaintiff; and if it failed to perform that duty, and plaintiff was injured by reason of such failure, then the plaintiff may recover, unless he was guilty of negligence which contributed to his injury, or knew or ought to have known of the defects of the track before attempting to use it.

"3.  If, under all the circumstances which surrounded the plaintiff at the time of the accident, he ought to have observed and comprehended the danger of a defective rail and joint, if the same were defective, before using it [them], then he assumed the risk in that condition, and can not recover. The fact that he might know of the defects, or that he had means of knowing them, will not preclude him from recovery, unless he did in fact know of them, or in the exercise of ordinary care ought to have known of them."

And refused to instruct the jury, at the request of the defendant, as follows:

"1.  It is admitted in this case that the Ultima Thule, Arkadelphia & Mississippi Railway Company and the Arkadelphia Lumber Company are separate and distinct corporations, incorporated by and under the laws of this State, and the plaintiff must be held to a knowledge of the fact that the railway company,

and not the lumber company, was operating the railroad, and in going upon said road in a handcar he assumed all the risk arising therefrom."

The jury returned a verdict in favor of the plaintiff for $3,000, and the defendant appealed.

While appellee was going home after his day's labor was done, he was still in the service of the appellant. He was traveling in a handcar furnished by appellant according to their implied contract; and the duties of the one to the other for the day, as master and servant, were not fully discharged. *Gilman* v. *Eastern R. Corp.,* 87 Am. Dec. 635; *Gillshannon* v. *Stony Brook R. Corp.,* 10 Cush. 228; *Seaver* v. *B. & M. Rd.,* 14 Gray, 466; *Ryan* v. *Cumberland, etc., R. Co.,* 23 Pa. St. 384; *Ewald* v. *Chicago & N. W. R. Co.,* 5 Am. St. Rep. 178; *Packet Co.* v. *McCue,* 17 Wall. 508.

Appellant furnished to appellee the handcar and the portion of the lateral railroad used by him at the time he was injured. D. B. Hart was its tracklayer, and as such it was his duty to "keep up" the lateral road at the time appellee was injured. D. E. Hubbard, the engineer who hauled logs over the same, was jointly employed by it and the railroad company. Appellant owned and kept handcars to be used on the lateral road by its teamsters, and it was understood by it and them that it would furnish them with a handcar to convey them over the same from their work to their homes. This was one of the inducements to them to engage in its service. Under these circumstances, when it furnished them with a handcar to be used on the lateral road, it became bound and liable to them in the same manner and to the same extent it would had the road belonged to and been controlled by it. It assumed the same duties and liabilities. *L. R. & Ft. Smith Ry. Co.* v. *Cagle,* 53 Ark. 347; *Arkansas Central Railroad Company* v. *Jackson,* 70 Ark. 295; *Stetler* v. *Chicago & Northwestern Railway Co.,* 49 Wis. 609.

"Although a logging road," it is said, "is not expected or required to be laid with the same care and security, or to be as solid and complete, as is demanded in the construction of railway tracks in use by common carriers, nevertheless it should be so constructed and operated as to render it secure to those whose employment necessitates their going upon such road and perform-

ing services in connection with the same." *Lynn* v. *Lumber Co.,* 105 La. 455; 6 Thompson, Negligence, § § 4254, 4275, 4276.

In this case the evidence tended to prove that the portion of the track where the accident occurred was laid a short time before the injury; that an old rail with six or eight inches of the ball broken off was used in its construction, and that this rail was "worse than the other rails on the track—crumbled, caused a low joint." The jury might reasonably have inferred from the evidence that the defect in the track was made by the construction of it, and not by usage, and that it was the proximate cause of the accident and injury. In that event the appellant was chargeable with notice of the defect, and liable to its employees injured on account thereof, without any previous notice or knowledge of the same.

We find no reversible error in the giving or refusing instructions.

The evidence is sufficient to sustain the verdict.

Judgment affirmed.