It follows that the judgment will be affirmed.

---

ST. LOUIS SOUTHWESTERN RAILWAY COMPANY v. AYDELOTT.

Opinion delivered April 30, 1917.

1. CARRIERS—TIME FOR PASSENGER TO ALIGHT FROM TRAIN.—Carriers must stop at stations long enough to give passengers a reasonable opportunity for getting on and off their trains; a reasonable time is such time as a person of ordinary care and prudence should be allowed to take. In determining what is a reasonable time the carrier must take into consideration any special condition peculiar to any passenger and to the surroundings at the station, and to give a reasonable time under the existing circumstances, as they are known or should be known by its servants, for a passenger to get on or off its trains.

2. CARRIERS—TIME FOR PASSENGER TO ALIGHT FROM TRAIN.—Plaintiff, a passenger, sustained an injury while alighting from a train. *Held*, under the evidence the only question for the jury on the issues of negligence and contributory negligence was whether or not defendant exercised ordinary care to stop the train long enough to enable passengers, while exercising ordinary care on their part, to debark there-

from in safety. Ordinary care defined as the highest degree of care which one of ordinary prudence would exercise for the security of passengers reasonably consistent with the business of a common carrier by rail, and appropriate to the means of conveyance and the practical operation of the road.

3. CARRIERS—DUTY TO PASSENGERS AT STATIONS—LEAVING TRAINS.— In an action for damages resulting from an injury sustained while plaintiff was debarking from a train, where the testimony tends to show that the negligence consists only in a failure to exercise ordinary care to stop the train a sufficient length of time to allow passengers to get off in safety, the court's instructions to the jury should relate only to that issue, and should not undertake to define the duty of railway companies to their passengers under other circumstances and conditions.

4. TRIAL—FRAMING INSTRUCTIONS—DUTY OF TRIAL COURTS.—Trial courts must be governed by the principles of law announced by this court and frame their instructions in accordance with these principles, but must make them applicable to the facts of each particular case, as they may be developed.

5. NEGLIGENCE—PERSONAL INJURIES—INSTRUCTION ON AMOUNT OF DAMAGES.—An instruction told the jury that if they found for the plaintiff they should assess her damages at such sum not exceeding the amount sued for, "as will, in your judgment be a fair and just compensation. * * *." The court also instructed the jury that if they found for the plaintiff to assess her damages at whatever they think the proof has shown. Held, the instructions taken together were not improper on the measure of damages.

6. NEGLIGENCE—PERSONAL INJURIES—MEASURE OF DAMAGES—INSTRUCTION.—In an action for damages for personal injuries, an instruction on the measure of damages should be couched in general terms, allowing the jury to consider such injuries as plaintiff had sustained under the evidence, and to allow compensation therefor, but without specifying the particular part of the body alleged to have been injured.

7. TRIAL—REMARKS OF TRIAL JUDGE—PERSONAL INJURY ACTION.—During argument in a trial when damages for personal injuries were sought, counsel remarked that "the railway company was not guilty of negligence." The court interrupted him saying "I will instruct the jury that the railway company was guilty of negligence. * * *" Held, the remark of the court was prejudicial, as it was the province of the jury to determine that fact.

8. APPEAL AND ERROR—EXCEPTION—ABSENCE FROM BILL OF EXCEPTIONS.—An exception to the ruling of the trial judge will not be considered on appeal, when not brought into the bill of exceptions.

9. NEGLIGENCE—ACTION BY HUSBAND—LOSS OF CONSORTIUM.—The verdict of the jury, in an action by a husband, for loss of his wife's consortium, finding against the husband, sustained.

Appeal from Prairie Circuit Court, Southern District; *Thomas C. Trimble,* Judge; reversed as to Mrs. Aydelott; affirmed as to E. A. Aydelott.

*Daniel Upthegrove,* of Missouri, and *Hawthorne & Hawthorne,* for appellant in the Mrs. Aydelott case.

1. The first instruction for plaintiff, while copied from 52 Ark. 524, was inapplicable to this case and erroneous. It is abstract and misleading here. 41 Ark. 382; 99 *Id.* 367; 16 *Id.* 628; 55 *Id.* 588; 63 *Id.* 477; 102 *Id.* 205.

2. The second instruction given was also erroneous. 73 Ark. 548; 105 *Id.* 269; 54 *Id.* 25; 101 *Id.* 183.

3. The third is objectionable and erroneous. It tended to magnify the injuries. 58 Ark. 136; 78 *Id.* 374; 96 *Id.* 339; 57 Tex. 215; 195 Ill. 48.

4. It was error to give the fifth on exemplary damages. There was no evidence of wilful or wanton acts and no implication of malice. The fifth and sixth asked by defendant on contributory negligence and assumed risk should have been given. The remarks of the court were prejudicial and invaded the province of the jury. It is error to give inconsistent and contradictory instructions. 54 Ark. 602; 72 *Id.* 31; 83 *Id.* 202; 74 *Id.* 437; 89 *Id.* 217; 65 *Id.* 64.

5. The verdict is excessive.

*Daniel Upthegrove, J. R. Turney* and *Hawthorne & Hawthorne,* for appellee in the E. A. Aydelott appeal.

There is no abstract for Mr. Aydelott's case. Nothing to show that a motion for new trial was passed upon by the court. No exceptions were saved to the rulings of the court as to the admissibility of the testimony. 56 Ark. 594; 45 *Id.* 539.

2. There is no error in the instructions as to him. There is no proof as to expenses for doctor's bills and medicine, and he can not recover for assistance of his wife. Kirby's Digest, § 6017; 97 Fed. 837.

*Jo. Johnson,* for appellee, Mrs. Aydelott.

1.  The instructions given for appellee were the law. 99 Ark. 366; 108 *Id.* 292; 87 *Id.* 531; 90 *Id.* 494; 73 *Id.* 548; 90 *Id.* 485; 116 *Id.* 334. The instructions should be considered as a whole. There was no contradiction in them. 97 Ark. 226; 78 *Id.* 132. Any error was cured by others given. 78 Ark. 147; 78 *Id.* 279; *Ib.* 22; 82 *Id.* 105.

2.  Proof of injury makes a *prima facie* case. 73 Ark. 548, 552.

3.  The instructions asked by defendant were properly refused. 92 Ark. 6.

4.  There was no prejudice in the remarks of the court, and the instructions are not conflicting. Nor were they prejudicial.

5.  The verdict is supported by the evidence, and is not excessive. 83 Ark. 437; 91 *Id.* 97.

*Jo. Johnson,* for E. A. Aydelott, appellant.

1.  It was error to exclude appellant's testimony. Kirby's Digest, § 3095; 116 Ark. 334; 29 *Id.* 603; 43 *Id.* 307; 6 Enc. Ev. 901-3; 1 Greenleaf, Ev., § 254; 52 N. H. 221.

2.  He was entitled to recover for the services and assistance of his wife. 116 Ark. 334; 84 *Id.* 617.

3.  The court erred in its instructions. 87 Ark. 308; Kirby's Digest, § 1236; 39 Okla. 33, 44 to 50.

STATEMENT BY THE COURT.

This suit was instituted by the appellee, Mrs. Aydelott, and her husband, E. A. Aydelott, against the appellant. The first five paragraphs of the complaint purported to state a cause of action against the appellant in favor of the appellee, Mrs. Aydelott, in that she alleges that she was a passenger on appellant's train, and when the train stopped at her destination, the station of Lagrue, she started to debark with packages in her hand, and when she had reached the first step, the train was negligently started, and she was thereby thrown to the ground and greatly injured. She alleged that she had no assistance in debarking; that there was no step box fur-

nished her for alighting, and that on account of appellant's negligence she was permanently injured, and she prayed damages in the sum of $3,000.

Paragraphs 6 and 7 of the complaint purported to set up a cause of action in favor of E. A. Aydelott. He adopts the allegations of the appellee, Mrs. Aydelott, as to negligence; alleges that he was her husband, and that by reason of the injuries to her he had been "deprived of her assistance, companionship, and association as a wife," to his damage in the sum of $1,000; that he had incurred expenses for medicines and doctor's bill in the sum of $100; that the acts of negligence were committed wilfully and wantonly, and he therefore prayed exemplary as well as compensatory damages.

The appellant denied all the material allegations of the complaint as to negligence, and set up the defenses of contributory negligence and assumed risk.

The appellee testified that she was a passenger on appellant's train, returning from Hazen to her home at the station of Lagrue. When the train stopped, neither the conductor, brakeman nor porter made an appearance. She started to get off and opened the door and reached the platform of the coach and started to put her foot down on the first step, and the train pulled out and she fell to the ground. She had several packages in her hand when she fell. The train jerked her from the steps. She then describes her injuries in detail.

The conductor of the train on that day testified that the train stopped at Lagrue on that occasion about three minutes. The coach she was traveling in was an ordinary combination coach on the rear of the train. The train was a mixed train. He was sitting in a chair in the baggage department, and as he had no freight to unload, he did not get up out of the chair until they started. He did not send any of the train men out to see about the passengers getting off. He had forgotten that there was a passenger to get off; he had forgotten that she was on the train. When they started he looked out and saw Mrs.

Aydelott standing on the platform, and she turned and walked off. He did not know whether the train moved before she got off or not.

The engineer on the train that day testified that he stopped the train at Lagrue on that occasion three or four minutes.

The station agent at Lagrue testified that the train arrived at 8:32 and departed at 8:35.

The court, among others, granted appellee's prayer for instruction as follows: "If you find for Mrs. Aydelott, you should assess her damages at such sum, not exceeding the amount sued for, as will in your judgment be a fair and just compensation for her alleged injuries to her back, kidneys, body, ankle, leg, nerves, nerve centers, shock, mental and physical pain and anguish, or any thereof, if any, that you may find she suffered."

Other instructions were given which will be referred to in the opinion.

The record shows the following: "During the argument of the case by the counsel for the plaintiff and the defendant, the following exceptions were had:

"Mr. Hawthorne: The railroad company was not guilty of negligence.

"The Court: I will instruct the jury that the railroad company was guilty of negligence; the conductor himself says that he forgot that a passenger was on there, and that he never saw the passenger at all.

"Mr. Hawthorne: I want to except to the ruling and remarks of the court. You have given an instruction just to the contrary to that.

"The Court: The jury will take all of these instructions together, and not take any one by itself. They don't have to have a porter to look after every passenger there."

Other remarks made to the jury during the progress of the argument were objected to, but it is unnecessary here to set them out.

The jury returned a verdict in favor of the plaintiff, Mrs. E. A. Aydelott in the sum of $3,000, and returned a verdict in favor of the defendant railway company as against the plaintiff E. A. Aydelott. Judgment was rendered in accordance with the verdict and the railway company and E. A. Aydelott both appealed. Other facts will be stated in the opinion.

WOOD, J., (after stating the facts). (1) This court in *Barringer* v. *St. Louis, Iron Mountain & S. Ry. Co.*, 73 Ark. 548, 551, announces the law as to the duty of carriers to passengers while getting on and off trains as follows: ''It is the duty of carriers to allow their passengers a reasonable opportunity of getting on and off their trains, and they must stop at stations long enough for that purpose. A reasonable time is such time as a person of ordinary care and prudence should be allowed to take. It is the duty of the carrier, in determining what is a reasonable time, to take into consideration any special condition peculiar to any passenger and to the surroundings at the station, and to give a reasonable time under the existing circumstances, as they are known, or should be known by its servants, for a passenger to get on or off its trains.'' See, also, *Hill* v. *St. Louis, I. M. & S. Ry. Co.*, 85 Ark. 529; *K. C. So. Ry. Co.* v. *Worthington*, 101 Ark. 128; *St. Louis, I. M. & S. Ry. Co.* v. *Trotter*, 101 Ark. 183, 190; *St. Louis, I. M. & S. Ry. Co.* v. *Wright*, 105 Ark 269.

(2) These are the principles which should have guided the court in its instructions in the instant case. Under the evidence the only question for the jury to determine on the issues of negligence and contributory negligence was whether or not the appellant had exercised ordinary care (that is, the highest degree of care which one of ordinary prudence would exercise for the security of passengers reasonably consistent with the business of a common carrier by rail and appropriate to the means of conveyance and the practical operation of the road),

to stop the train long enough to enable passengers, while exercising ordinary care on their part, to debark therefrom in safety.

(3) Where the testimony tends to show that the negligence consists only in a failure to exercise ordinary care to stop the train a sufficient length of time to allow passengers to get off in safety, the charge should relate only to that issue, and not undertake to define the duty of railway companies to their passengers under other circumstances and conditions.

(4) Instruction No. 1, given at the instance of the appellee, of which appellant complains, is open to the above objection. True, it is in the precise language which this court declared, in *St. Louis, Iron Mountain & Southern Ry. Co. v. Wright, supra,* to be "the correct rule applicable to such cases." There, however, and in the cases of *St. Louis, Iron Mountain & S. Ry. Co. v. Purifoy,* 99 Ark. 366, and *Ark. Midland Ry. Co. v. Canman,* 52 Ark. 517, where the court announced the law generally as to the duty of railway companies to their passengers, the court did not approve this language as a correct instruction for a precedent to be given in all cases where there was an injury to a passenger regardless of the facts upon which the cause of action might be grounded. The law as announced is a correct principle defining generally the degree of care which railway companies must exercise toward their passengers. Trial courts should be governed by the principles of law announced by this court and frame their instructions in accordance with these principles, but make them applicable to the facts of each particular case as they may be developed.

Here there was no testimony tending to show that the roadbed, track, cars or any other subsidiary arrangement connected with the structure of the road and necessary to the safety of passengers were not provided. If appellant was negligent at all, its negligence consisted, as above stated, simply in a failure to stop the train a sufficient length of time to allow the appellee to debark in

safety. The instruction, therefore, covering these elements, was abstract in this case and calculated to lead the jury into the realm of speculation and to the consideration of issues not before them to the prejudice of the appellant.

(5-6) Instruction No. 3, given at the instance of the appellee, told the jury that if they found for the appellee, they should assess her damages at such sum, not exceeding the amount sued for, "as will, in your judgment, be a fair and just compensation for her alleged injuries to her back, kidneys," etc.

This court, in *Fordyce v. Nix,* 58 Ark. 136, 141, condemned an instruction in this form, saying: "Verdicts of juries in actions sounding in exemplary damages, while they can not exceed the amount claimed in the complaint, should, nevertheless, in each case be reasonable and commensurate with the wrong done, as shown by the evidence adduced. The amount claimed in the complaint is frequently so exorbitant and disproportionate to the facts proved as, of itself, to suggest prejudice, and to tell the jury in such cases that they might find in any amount, not exceeding amount claimed, would be tantamount to saying that they would be justified in finding an excessive verdict." The court, however, did not reverse the judgment in that case on account of the erroneous instruction because the verdict was less by $1,500 than the amount claimed in the complaint, and there was nothing to indicate that the jury could have been misled and the rights of the appellant prejudiced by the instruction.

Likewise, in *St. Louis, Iron Mountain & Southern Ry. Co. v. Holmes,* 96 Ark. 339, 343, we did not reverse the judgment for the error in giving an instruction in this objectionable form, because the verdict was less than one-half the amount asked in the complaint, "and was certainly not exorbitant."

In *St. Louis Southwestern Railway Co. v. Myzell,* 87 Ark. 123, 127, we again condemned an instruction in this

form, saying: "It tells the jury that they have the right to give the plaintiff exemplary damages, in addition to compensatory damages, in any sum which they believe proper, not exceeding $1,400. This is putting the assessment of exemplary damages at large, restrained only by what the jury may believe proper, when their assessment 'must be commensurate with the wrong done as shown by the evidence adduced.' " See, also, *St. Louis, Iron Mountain & S. Ry. Co.* v. *Boyles,* 78 Ark. 374, 380.

In *St. Louis, I. M. & S. Ry. Co.* v. *Snell,* 82 Ark. 61, 63, we said: "It is unnecessary and improper for the trial court to make reference in an instruction to the amount sued for in the complaint. The jury, having heard the complaint read, are presumed to know that their verdict should not exceed the amount asked for in the complaint; and if the verdict is in excess of that amount, the court should strike out the excess. But where an instruction containing such reference is properly limited by a direction to find only such amount as the evidence warrants, we do not hold it to be prejudicial error."

The instruction in the case at bar did not restrict the jury to a consideration of the amount of damages as shown by the evidence. The jury were at liberty, under the instruction, to return any amount their judgment might approve, only limited by the amount named in the complaint. The instruction, therefore, standing alone, and without reference to the other instructions, would be erroneous.

But, in another instruction, the court told the jury as follows: "If you find for the plaintiff, your verdict will be, 'We, the jury, find for the plaintiff, Mrs. Aydelott, and assess the damages at' so much, whatever you think the proof has shown. Instructions are to be considered as a whole, and when these instructions are considered together, the effect was to tell the jury that if they should find for the appellee, Mrs. Aydelott, they could find for her in any sum not exceeding the amount named

in the complaint, as they might think the proof had shown. There was no prejudicial error, therefore, in the ruling of the court in granting the prayer for instruction on the measure of damages, in the particulars above discussed.

The instruction was furthermore objectionable in singling out the particular injuries alleged in the complaint, and telling the jury that they could find a fair and just compensation for these alleged injuries, specifying the particular parts of the body that she alleged were affected by the injury. The instruction, in this particular, should have been couched in general terms, allowing the jury to consider such injuries as appellee had sustained under the evidence, and to allow compensation therefor, but without specifying the particular part of the body alleged to have been injured. The instruction, in this form, was argumentative, but we are not convinced that it had the effect to magnify the verdict. We have called attention to this instruction in order that on a rehearing the trial court may give an instruction on the measure of damages in correct form.

(7) The court erred in its remarks to the jury during the argument of counsel for appellant. Counsel for appellant had the right, under the evidence and the instructions of the court on the issue of negligence, to say to the jury that "the railway company was not guilty of negligence." That was an opinion which it was the privilege of counsel to express by way of argument, and the court erred in saying to the jury at this juncture, "I will instruct the jury that the railroad company was guilty of negligence. The conductor himself says that he forgot that a passenger was on there, and that he never saw the passenger at all." The remarks of the court were tantamount to an instruction that the railroad company was guilty of negligence. This was a question, under the evidence, for the jury to determine, and the instruction thus given at this time was in direct conflict with other instructions which correctly submitted the issue of negligence

for the jury's determination. These and the further remarks of the court in this connection, as shown in the record, constituted an improper interruption of the argument of counsel, and was a manifest encroachment upon his right and privilege to present his client's cause to the jury. It was also an invasion upon the province of the jury, whose duty it was to consider and determine the disputed issues of fact.

The judgment, therefore, in favor of the appellee Mrs. Aydelott is reversed for this error, and the cause will be remanded for a new trial.

Appellant, E. A. Aydelott, testified that since the 11th day of last April, the day on which the injury to his wife occurred, his wife had not been physically able to assist him in any way, and her companionship had not been what it should be. Before that time she had assisted him. Since her injury, there had been a disturbance of the companionship and society between himself and wife, including all of the private and delicate relations. Appellant testified that the disturbance by the injury was one "involving the sexual relations," "all assistance, and you might say, all pleasure was gone the way things existed."

(8) The record shows that the appellant presented the following prayer for instruction: "If you shall have found for Mrs. Aydelott, then you will consider whether her husband has, by reason of her injury, himself suffered injury by being deprived of her assistance, companionship and society as his wife, and for medicines and doctors for her, and, if so, you will find for E. A. Aydelott such damages as you may find he has sustained on either or all of said items, if any." The court modified the instruction by striking therefrom the word "assistance," and also the words 'and for medicines and doctors for her." And as thus modified, the court gave the instruction. The appellant excepted to the ruling of the court in refusing his prayer for instruction as offered, and in the ruling of the court in modifying and giving the same as

modified.   But he did not bring his exceptions to the rul-
ing of the court into his motion for a new trial, and there-
fore we can not consider this alleged error in the ruling
of the court.

The appellant contends that the court erred in refus-
ing to allow him to testify to his wife's injuries.   The ap-
pellant, in the first six grounds of his motion for a new
trial, assigns as error the rulings of the court in refusing
to allow plaintiff to testify in regard to his wife's in-
juries, the nature, extent and cause thereof.   But the rec-
ord does not show that appellant reserved any exceptions
to the ruling of the court in refusing to allow this testi-
mony.    Therefore,. he can not complain here that the
court erred in its ruling.

Appellant insists that the verdict was contrary to
the evidence, contending that the jury should have found
in his favor for doctor's bill for more than $75, and medi-
cines more than $25.

It is alleged in the complaint that he incurred ex-
penses in the above sums for doctor's bill and medicines.
The answer denies these allegations, and there is no proof
in the record to sustain them.

(9)   Again, counsel for appellant urges that the ver-
dict was contrary to the evidence in his favor, because the
jury found that his wife was injured and returned a ver-
dict in her favor on account of such injuries in the sum of
$3,000, and from this he insists that it necessarily follows
that he was injured by the loss of the society and com-
panionship of his wife in some amount, and that the jury
should have so found, and in not so finding their verdict
is inconsistent.

While appellant testified that the injuries received
by his wife disturbed their marital relations, and that on
account thereof she was not physically able to assist him
in any way, and that her companionship had not been
what it should be, yet the jury returned a verdict against
him, thus showing that they either did not believe and ac-
cept the testimony of the appellant as to the loss of con-

sortium, or else they found that the loss was so insignificant it had no pecuniary value. These were matters within the peculiar province of the jury and their verdict against appellant is conclusive, and the judgment based thereon is therefore affirmed.