WISCONSIN & ARKANSAS LUMBER COMPANY *v.* OTTS.

Opinion delivered November 5, 1928.

*John L. McClellan,* for appellant.

*Glover, Glover & Glover,* for appellee.

MEHAFFY, J. Clarence Otts, a minor, by his father and next friend, brought suit in the Hot Spring Circuit Court against appellant, seeking to recover damages in the sum of $3,000 for injuries alleged to have been received by Clarence Otts on the 8th day of August, 1927, while in the employ of the appellant lumber company.

He alleges that he is a minor, and that Marion Otts is his father; that in August, 1927, he was in the employ of appellant, and that it was the duty of appellant to exercise ordinary care to furnish him a reasonably safe place, machinery and appliances with which to work, and that appellant, its agents, servants and employees, negligently failed to exercise such care, and, on account of its negligence, he was injured; that at the time he was injured he was working under the orders and directions of appellant's foreman, in its mill at Walco, Arkansas, and that he was ordered by his foreman to run a machine known as a molder; that defendant was negligent in operating the machine with a defective, old and worn belt, and that, while he was operating this machine, this belt broke, and struck him, knocking him several feet to the floor, rendering him unconscious; that the appellant was also negligent in operating the machine with a defective belt without a guard; that he had requested a guard to be placed on the machine, and his foreman stated it was not necessary; that he had also complained of the belt, and his foreman assured him it was safe; that, when the belt broke, it struck him with such force and violence that it severely injured him in the back and spinal cord, and from said injury he was left in an exceedingly nervous condition; that before the injury he was earning $2.75 a day, but since his injury he has been unable to do hard manual labor, and his earning capacity has been permanently impaired.

The defendant answered, denying all of the material allegations in the complaint with reference to negligence, and alleged that the injury was caused by appellee's own negligence, and that he assumed the risk. The fact that the belt broke and injured plaintiff is not disputed, and it is not disputed that the machine was being operated without a guard, and all agree that a guard is a necessary protection; that it would have prevented the belt from striking him.

There was a trial, and judgment for the plaintiff in the sum of $400, whereupon appellant filed its motion for a new trial, which was by the court overruled, exceptions saved, and appeal prosecuted by appellant.

The testimony was conflicting, and appellant's first contention is that the court should have directed a verdict in its favor, because it is contended that the undisputed testimony shows that the appellee knew of and fully appreciated all of the dangers incident to the work he was doing.

This case was tried in January, and appellee testified that he was twenty years old in the preceding November, and that the injury occurred in August.

Appellant relies on the testimony of the plaintiff himself, who testified, when cross-examined, that he knew that the machine was dangerous to operate without a guard, and that he asked for a guard, and knew he was liable to get hurt because they did not have it. He testified that he had worked at this machine approximately two months. Some of the witnesses testify that he had worked at this machine somewhat longer than that, but anyway it is contended that his own testimony showed that he appreciated the danger, and therefore assumed the risk.

It is true that, where the danger is so obvious that a knowledge of it and appreciation thereof should be imputed to the servant, it would be the duty of the court to declare as matter of law that the servant was not entitled to recover. If the danger was so obvious that a prudent person would not have continued to work there,

as the appellant did, it would then be a risk assumed by him, and he would not be entitled to recover. But a young man 19 or 20 years old would not have and would not be expected to have the same judgment and appreciation about dangers of this kind that an older person would have.

The appellee testified that the appellant had a belt so old that they changed it and put another one on, and that it broke; that he asked the belt man for a belt, and the belt man said there wasn't anything over at the supply house, and they took one from another machine; that he asked the belt man for another belt, and the belt man said they did not have any other at the supply house, and, when appellee asked him if it wasn't liable to break and hurt him, the belt man said it would not hurt him if it did break. He testified that there was no guard there at any time he worked there, and that he would not have run the old belt unless the foreman had told him it was safe, and would not break.

A number of witnesses testified about the belt and about the guard, and the undisputed proof shows that the edges of the belt had become frayed, and the belt man cut about an inch off from one side before puting it on this machine.

While the testimony is conflicting, and the testimony tending to show that appellee did not appreciate the danger is not very strong, yet we think it was sufficient to take the question of assumed risk to the jury. The smallness of the verdict, $400, indicates that the jury found that the appellee was guilty of contributory negligence, and took this into consideration in fixing the amount of his damages. The questions of negligence, contributory negligence and assumed risk, under the facts in this case, were all proper questions for the jury, and the jury's verdict, if there is any substantial evidence to sustain it, cannot be disturbed by this court.

This court has said: ''The charge of the court submitted the questions of negligence, contributory negligence, and assumed risk, upon instructions that were

exceptionally free from error. The charge as a whole evinced a clear comprehension of the law in such cases, as it has been declared by authorities generally and the numerous decisions of this court." *St. Louis Stave & Lumber Co.* v. *Sawyer,* 90 Ark. 473, 119 S. W. 830.

In the above case the court also said in its statement of facts that the appellee in that case was an illiterate young man, about nineteen years of age, and had never worked around machinery like that before. He had been around another stave mill about two or three weeks. That the superintendent knew that, if the belt came off the pulley and down on the line shaft, the ravelings were likely to take hold of it. He did not tell appellee that, if they let the belt get down on the line shaft, the ravelings were likely to get caught on it.

The appellee in this case testified that he would not have continued work if his foreman had not told him that the belt was safe, and of course, in this case, if the belt had been safe there would have been no injury. It certainly could not be said then that he appreciated the danger of the belt breaking and striking him.

This court, speaking through Chief Justice COCKRILL, said:

"But service about the unblocked rails was attended with danger, and the knowledge of the fact that the rails were unblocked did not necessarily imply knowledge of the attendant danger. Knowledge of the danger was itself a question of fact; and, if the jury believed that the deceased, by reason of his youth and inexperience, did not know of or appreciate the danger incident to service about the unblocked rails, and that the company had exposed him to the danger without warning him of it, they should have found that the risk was not one he had assumed by entering the service." *Davis* v. *Railway,* 53 Ark. 117, 13 S. W. 801, 7 L. R. A. 283.

Assumed risk is based on contract, either express or implied, from the circumstances of the employment. It is a risk which the employee agrees to assume. In other words, he agrees that he will discharge his duty at the

particular employment at his own risk. But, under the decisions of this court, he does not assume the risk of the negligence of the master nor the risk of the negligence of any other servant of the master, unless he either knows that it exists or unless it is so obvious that a prudent man would not continue the work.

We think there was substantial evidence to go to the jury on the question of assumed risk, since the appellee testified that he would not have continued the work if the foreman had not told him that it was safe.

Appellant calls attention to many decisions of this court on the question of assumed risk. These decisions clearly state the law. It is well settled in this State, as contended by appellant, that, when it appears to be clear that the servant had knowledge of and appreciated the danger incident to his work, or if the danger was so obvious or apparent that knowledge of the danger and appreciation thereof should be imputed to him, then the court should declare as matter of law that the servant is not entitled to recover. But, after a careful consideration of all the evidence in this case, we have reached the conclusion that there was sufficient evidence to take the question of assumed risk to the jury.

It is next contended by appellant that the court erred in permitting appellee's attorney to ask leading questions. The trial court has much discretion in the examination of witnesses, and we do not think in this case there was any abuse of discretion.

It is next contended that the court erred in giving instructions to the jury. We have examined all of the instructions very carefully, and we think that the instructions given by the court fully and fairly submitted the issues to the jury, and the jury's finding on questions of fact is conclusive here.

The judgment is therefore affirmed.