## ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* MYZELL.

### Opinion delivered July 6, 1908.

1. EVIDENCE—MATERIALITY—Where appellant insists that the court erred in refusing to permit witnesses to answer a certain question in order to show that the error was material, he should offer to show what the witnesses would have answered had the court permitted them to do so.   (Page 126.)

2. SAME—COMPETENCY.—In an action against a carrier by a passenger for an assault committed by a train auditor where there was evidence that the plaintiff was drunk, it was not error to reject evidence offered by defendant that plaintiff's conduct was boisterous or dangerous on other occasions when he was drunk, where it does not appear that the auditor knew of such previous conduct.   (Page 126.)

3. DAMAGES—INSTRUCTION—REFERENCE TO AMOUNT SUED FOR.—While improper, it was not reversible error to instruct the jury that if they found for plaintiff they should assess his damages in any sum *not exceeding the sum sued for.*   (Page 126.)

4. SAME—MEASURE OF PUNITIVE DAMAGES.—It was prejudicial error to instruct the jury that they have the right to give the plaintiff exemplary damages in any sum which they believe proper, instead of telling them that the assessment of punitive damages must be commensurate with the wrong done as shown by the evidence adduced.   (Page 127.)

5. PUNITIVE DAMAGES—WHEN DISALLOWED.—Where an assault committed by a train auditor upon a drunken and insulting passenger was natural result of the latter's misbehavior, an award of punitive damages will be disallowed.   (Page 127.)

6. DAMAGES—EXCESSIVENESS.—An award of $500 as compensatory damages for an assault committed by a train auditor upon a passenger was not excessive where there were painful injuries inflicted, and where there was also the element of public humiliation.   (Page 128.)

Appeal from Lonoke Circuit Court; *Eugene Lankford,* Judge; affirmed as to compensatory damages, reversed as to exemplary damages.

*S. H. West* and *Bridges, Wooldridge & Gantt,* for appellant.

1. In view of the conflict in the evidence as to appellee's conduct at the time, whether or not he was boisterous and profane, it was competent, and material to appellant's defense, to prove his conduct generally when in a drunken condition; and it was error to exclude such testimony.   56 Ark. 37.

2. The third instruction is erroneous in stating an amount which the jury may find. 58 Ark. 136. Also because the evidence does not support a finding for exemplary damages. A corporation cannot be held for such damages resulting from an act of an employee, unless it appears from the evidence, not only that the act was wrongful, but also that the employee was acting in the line of his employment and that the act was willful and malicious. 70 Ark. 136; 53 Ark. 7. There is no case made out for punitive damages, even against the auditor; certainly none against the company. There is lacking that element of wilfulness or conscious indifference to consequences from which malice may be inferred, that is necessary to sustain such a recovery. 41 Ark. 295; 1 Baldwin 59; 1 Joyce on Dam. 119; Id. § 121; 91 U. S. 489; 52 Am. & Eng. R. Cas. 409; 116 Ala. 642; 9 Am. & Eng. R. Cas. 724; 183 Mo. 119; 110 Ala. 329; 18 So. 737; 1 S. W. 129; 20 Cal. 56, 81 Am. Dec. 93; 71 Ia. 255; 76 Ia. 513; 13 How. 371; 21 How. 202; 12 Am. & Eng. Enc. of L. 21; 13 Cyc. 112; 147 U. S. 101; 65 Ia. 543.

*Jas. B. Gray* and *Trimble, Robinson & Trimble,* for appellee.

1. The testimony sought to be introduced as to plaintiff's conduct on other occasions when drinking was properly excluded. It was not admissible to prove intoxication at the time complained of, nor can conduct on other occasions when drunk be proved to establish his conduct at the time when he was assaulted. 17 Am. & Eng. Enc. of L. 408; 115 Cal. 567; 29 Ia. 268.

2. The court's third instruction specifically limits the recovery to such damages as the evidence establishes. While a reference in an instruction to the amount sued for is not regarded with favor, it is not reversable error. 82 Ark. 62; 78 Ark. 380. The instruction was not prejudicial, because the verdict was for a smaller sum than was sued for, and because the jury were expressly limited to such sum as they believed proper under the evidence, not exceeding the amount sued for. Moreover, appellant's exception, being general, does not avail here. 66 Ark. 264; 70 Ark. 563; 74 Ark. 355; 83 Ark. 61; 66 Ark. 46.

3.  There was ample evidence to warrant the instruction as to punitive damages. 83 Ark. 6. There is no merit in the contention that the auditor was not acting in the line of his employment. 67 Ark. 55; 82 Ark. 289; 10 C. C. A. 463. Conscious indifference to consequences will support punitive damages. 84 Ark. 241; Voorheis, Measure Dam. Pers. Inj. § 193. Punitive damages are recoverable in an action for assault where the injury was wantonly or vindictively inflicted. 47 Mo. 92; 34 Pa. St. 48. The manner of the assault and the force used warrant the conclusion that the injury was occasioned by a conscious and wanton disregard of appellee's safety. 56 Ark. 52. If there is testimony tending to show that the assault was wanton or malicious, the court will submit the question of the allowance of punitive damages to the jury. 4 Sutherland on Dam. (3 Ed.), § 1092; Watson on Dam. Pers. Inj. (1901 Ed.), § 740; Voorheis, Measure of Dam. for Pers. Inj. § 186; *Id.* § 308. Provocation does not necessarily defeat a recovery of exemplary damages. The conduct of both parties may be considered. 1 Joyce on Dam. § 333; Voorheis on Meas. Dam. Pers. Inj. § 193. If appellee was drunk at the time, that did not authorize appellant to treat him with personal violence, nor does it defeat a recovery. 29 Ill. App. 90.

4.  The verdict is not excessive. Watson on Dam. Pers. Inj. (1901 Ed.) § 741; Voorheis, Meas. Dam. Pers. Inj. § 187; 35 Ark. 494; 83 Ark. 6.

HILL, C. J. Myzell was in Pine Bluff, having his hand treated for cancer thereon, and took a train on appellant's railroad from that city to his home at England. He paid the train auditor a cash fare, as he thought, to England, the auditor thought to Sherrill, an intermediate station; and after passing Sherrill an altercation arose between him and the auditor as to whether he had paid to England or only to Sherrill. The count of the money showed the auditor was right in this controversy. The occurrence after he had paid a second time was thus described by Myzell: "I said, 'I want to drop a thought with you; if you have pulled me for two fares somebody will think of this some other time;' and he said, 'Sit down,' and I said, 'All right,' and he put his hands on me, and I sat down;

but I said, 'I want to jog your memory about this,' and he jammed me down and set me down wrong."  .

The auditor evidently used considerable force in "setting him down," and as a result of this violent seating of him he was somewhat injured and caused to suffer pain in his afflicted hand and otherwise bruised, from all of which he suffered considerable pain for some time. The auditor also talked roughly to him. Myzell describes himself as being "gentlemanly funny" from the effect of drink which he had imbibed in Pine Bluff, and, as some of the witnesses said, which he continued to imbibe on the train. Some of the witnesses say that he was boisterous, while others say that he was not. It is undisputed that he gave evidence of being in an intoxicated condition.

When Mr. Myzell got off the train at England, the auditor grabbed him by the arm and told the town marshal there that he wanted him to take charge of him as being drunk and disorderly on the train. The marshal asked him if he had a warrant, and he said no, and that ended the matter. Myzell brought an action for compensatory and punitive damages, and recovered $500 for compensatory and $800 punitive, and the railroad company has appealed.

The first error that the appellant urges is the refusal of the court to permit witnesses to answer as to what Myzell's conduct was when he was drinking. In the first place, there was no offer made to show what the witnesses would have answered had the court permitted them to have done so; and, in the second place, if it was shown that the witnesses would have testified that his conduct was boisterous or dangerous on other occasions, it would not have been pertinent here, as it was not shown that the auditor knew that he was in the habit of conducting himself in such a manner. The offered testimony was wholly foreign to the issue.

The next objection is to instruction No. 3, which is as follows: "If you find for the plaintiff, you will assess his damages in any sum not exceeding five hundred dollars as you may believe from the evidence will compensate him for the physical pain and mental anguish and humiliation you may be-may believe from the evidence will compensate him for the plaintiff, and further find that the auditor on the train acted

wilfully and maliciously when he inflicted the injuries (if any were inflicted), you have a right to give the plaintiff exemplary damages, in addition to compensatory damages, in any sum which you believe proper, not exceeding fourteen hundred dollars."

The objection is that it tells the jury that they may award damages in any sum not exceeding the respective amounts sued for.  In so far as the instruction relates to compensatory damages, it is not objectionable, as it plainly tells the jury that their assessment must be for such amount, not exceeding $500, as they believe from the evidence will compensate him for his physical pain and mental anguish and humiliation which they may believe from the evidence he has suffered.  This form of instruction has been before the court several times.  *Fordyce* v. *Nix*, 58 Ark. 136; *St. Louis, I. M. & S. Ry. Co.* v. *Boyles*, 78 Ark. 374; *St. Louis, I. M. & S. Ry. Co.* v. *Snell*, 82 Ark. 61.

But the instruction as to exemplary damages is erroneous. It tells the jury that they have the right to give the plaintiff exemplary damages, in addition to compensatory damages, in any sum which they believe proper, not exceeding $1400.  This is putting the assessment of exemplary damages at large, restrained only by what the jury may believe proper, when their assessment "must be commensurate with the wrong done as shown by the evidence adduced."

The next error alleged is that there was no evidence to sustain the verdict for punitive damages.  The court fails to find "that element of wilfulness or conscious indifference to consequences from which malice may be inferred," which is a necessary basis to sustain an action  for  punitive damages. *Railway* v. *Hall*, 53 Ark. 7; *St. Louis, I. M. & S. Ry. Co.* v. *Stamps*, 84 Ark. 241.  Giving to appellee's testimony its strongest probative force, the utmost that can be found is that the train auditor unnecessarily used some force with Mr. Myzell, both at the time he seated him and at the time he grabbed his arm and tendered him to the town marshal.  But unquestionably Mr. Myzell gave the auditor cause for irritation, and his conduct through the influence of drink was such as would in a measure excuse the auditor's conduct, viewing Myzell's conduct solely in the light of his own testimony.  The auditor's con-

duct was a natural, although improper, result of Myzell's insulting and inebriate behavior, but fell short of containing those elements of wantonness or wilfulness from which malice is inferred, which constitutes the basis of an action for exemplary damages.

It is urged that the verdict for each kind of damage is excessive. So far as the verdict for compensatory damages is concerned, the court is satisfied that it does not exceed a proper limit. Mr. Myzell was evidently hurt. He was in a condition where an injury to his afflicted hand would become very painful, and might become serious. The auditor publicly humiliated him, which he would naturally feel; an element to be considered as well as the actual pain inflicted.

The judgment for compensatory damages is affirmed, the judgment for exemplary damages is reversed, and the cause as to that dismissed.