Ark. State Hwy. Comm. *v.* Drennen

5-3948                                                   406 S. W. 2d 327

Opinion delivered September 26, 1966

*George O. Green* and *Don Langston,* for appellant.

*Floyd G. Rogers,* for appellee.

Osro Cobb, Justice. This appeal reaches us from a judgment in favor of appellees entered in the Crawford Circuit Court. It involves the taking by condemnation of 32.9 acres of land for use in construction of Interstate Highway No. 40. Appellees' original land tract contained 170 acres.

We note at the outset of our review of this case that appellant does not contend that the judgment for appellees is excessive in amount, nor does appellant contend that the case was submitted to the jury without proper guidelines to the applicable law, no objections being made to the instructions to the jury as given by the trial court.

All four of appellant's points on appeal relate to motions to strike certain portions of the testimony of appellees and of their three expert witnesses, all of the motions having been denied by the trial court.

*Appellant's Point No. 1.*

This point relates to appellant's motion to strike all of the value testimony of appellee because he gave no fair and reasonable basis for his opinion.

Most owners of rural lands, like this appellee, are farmers, and also like appellee they are not qualified as land appraisal experts. This does not mean that such owners who have such a close personal relationship to the lands involved have no sense of proper land values in their respective areas. Appellee testified that the actual value of his land had doubled in the last five years, and, when asked on cross examination as to his basis for such testimony, stated that he primarily based the increased valuation on the action of the Federal Land Bank of St. Louis, Missouri, in doubling all of its land values in Western Arkansas in June of the preceding year. No testimony was offered to contradict this evidence. Furthermore, appellee testified that local lands similar to his land would be difficult to acquire at a price of $400.00 per acre. He admitted that this testimony was based largely on what owners were asking for their lands, no recent sales having come to his attention.

We have never held that the value testimony of owners of land being condemned is inadmissible because of limitations of the landowner in experience and background in land transactions. If such restrictions were imposed, few landowners would be permitted to testify as to their own values and as to their own claims for damages. We have therefore repeatedly held that a landowner may testify as to his own opinions concerning values before and after the taking of his land.

In *Arkansas State Highway Commission* v. *Fowler,*

240 Ark. 595, 401 S. W. 2d 1 (1966), we cited with approval from 20 Am. Jur., *Evidence* § 892:

> "It is generally recognized that the opinion testimony of the owner of property, because of his relationship as owner, is competent and admissible on the question of the value of such property, regardless of his knowledge of property values. It is not necessary to show that he was acquainted with the market value of such property or that he is an expert on values. He is deemed qualified by reason of his relationship as owner to give estimates of value of what he owns. The weight of such testimony is, of course, affected by his knowledge of the value."

See also *State Highway Commission* v. *Covert,* 232 Ark. 463, 338 S. W. 2d 196 (1960).

We find no merit in the contention of appellant as to his Point No. 1.

*Appellant's Point No. 2.*

This point involves motion of appellant to strike the testimony of Jay Neal, professional land appraiser, because he gave no fair and reasonable basis for his opinions as to values. The witness, Mr. Jay Neal, testified that he had been upon the land involved in this case on many occasions during the past fifty or more years; that he had been a land appraiser for many years and that he had been employed in the past in the capacity of a land appraiser by appellant; that he owned land and lived thereon within some two miles of subject lands, and that he specifically examined appellees' property for appraisal purposes and for purposes of giving his testimony as to values and damages, including severance damages, shortly before the trial of this case. He further testified that he was familiar with land transactions and values in that locality. Appellant did not interpose a single objection to any of the testimony of this witness

as it was being given. We find from a review of the testimony of this witness that he provided the court and jury a fair and reasonable basis for the opinions that he expressed. Such testimony was therefore admissible. See *Bridgman* v. *Baxter County*, 202 Ark. 15, 148 S. W. 2d 673 (1941) ; *Fort Smith & Van Buren Bridge District* v. *Scott*, 103 Ark. 405, 145 S. W. 440 (1912).

We therefore find no merit in appellant's contentions under its Point No. 2.

*Appellant's Points Nos. 3 & 4.*

Both of these points involve the contention that expert appraisers Mack Bolding and Bob Gelly, who testified for appellees, based certain portions of their opinion testimony as to appellees' damages upon the inconvenience to appellees by reason of having to travel further from their property in order to reach U. S. Highway 64-71 after the construction of Interstate 40, a controlled access highway.

Appellant has not called to our attention any testimony of either witness wherein they did in fact bottom their opinions as to appellees' damages upon any such inconvenience, or other inconvenience in access to highways not suffered by the public generally. We have examined the transcript of all of the evidence of these witnesses and while they were subject to vigorous cross examination seeking an admission from them that such inconvenience was considered as an element of appellees' damages, they stood steadfast and refused to admit that such was the case, and that, on the contrary, their opinions were based upon the market value of appellees' property before the taking and after the taking.

We have therefore concluded that no proper basis existed for the motions to strike the testimony of these two expert witnesses, and that the trial court committed no error in overruling the motions of appellant.

Having found no merit in any of the contentions of

appellant which have been presented to us for review, the judgment of the trial court is affirmed.