ARKANSAS STATE HIGHWAY COMM'N *v.* R. L. LOVEGROVE ET AL

5-4013                                     407 S. W. 2d 928

Opinion delivered November 14, 1966
[Rehearing denied December 12, 1966.]

*George O. Green* and *Don Langston,* for appellant

*Floyd G. Rogers,* for appellee.

HUGH M. BLAND, Justice. This is a condemnation suit in which the State Highway Commission condemned 20.5 acres of a 40-acre tract owned by appellees. The

facility to be built is a segment of Interstate Highway 40, a controlled access highway.

On May 25, 1965 the appellant filed its declaration of taking in the Crawford Circuit Court and deposited into the registry of the court, as estimated just compensation for the taking, the sum of $9,000.00.

Appellees answered, alleging the insufficiency of the deposit and demanding a trial by jury. Trial was held on October 27, 1965 and resulted in a verdict in favor of appellees in the sum of $18,000.00 and judgment was entered for that amount.

Appellant does not contend that the judgment for appellees is excessive, nor does appellant question any instructions given by the trial court, but relies entirely on two points:

"I. The trial court erred in overruling appellant's motion to strike appellee's opinion as to the before value of the property because he gave no fair and reasonable basis for that opinion.

"II. The trial court erred in permitting appellees' lay-witness, Jay Neal, to state his opinion as to the before value of the property without first stating the facts upon which the opinion was based."

Motions were made to strike the testimony of R. L. Lovegrove and Jay Neal. Both motions were denied by the court.

We find no merit in the contention of appellant in either Point I or II.

In the recent case of *Arkansas State Highway Commission* v. *Drennen*, 241 Ark. 94, 406 S. W. 2d 327, opinion delivered September 26, 1966, we affirmed the Crawford Circuit Court on the same issues raised by appellant in this case.

Appellant contends that the two witnesses, R. L. Lovegrove and Jay Neal, had no basis for their testimony fixing the before value of the property. Appellees produced four witnesses and appellant two. The before, after and damage figures of all the witnesses were as follows:

|  | Before | After | Damages |
|---|---|---|---|
| "R. L. Lovegrove | $25,000 | $2,000 | $23,000 |
| Mack Bolding | 24,000 | 3,450 | 21,050 |
| Robert Gelly | 23,000 | 2,100 | 20,900 |
| Jay Neal | 25,000 | 1,725 | 23,275 |
| Bryan McArthur | 12,500 | 4,000 | 8,500 |
| Harry Word | 12,000 | 3,000 | 9,000" |

Appellant does not question the qualifications or background basis of the testimony of Mack Bolding and Robert Gelly fixing the before value at $24,000 and $23,000 respectively.

The verdict was well within the range of the testimony and was submitted to the jury on instructions and guidelines unquestioned by appellant.

We have repeatedly held that this court will not disturb the jury's findings of fact on conflicting evidence if there is any substantial evidence to support the jury's verdict. *Norman* v. *Gray*, 238 Ark. 617, 383 S. W. 2d 489; *Manhattan Factoring Corp.* v. *Orsburn*, 238 Ark. 947, 385 S. W. 2d 785.

We conclude, therefore, that there was no proper basis for the motions to strike the testimony of R. L. Lovegrove and Jay Neal and that the trial court committed no reversible error in overruling the motions of appellant.

We also conclude that the issues were fairly presented to the jury on proper instructions and its verdict will not be disturbed on appeal.

Finding no merit in the contentions of appellant, the judgment of the trial court is affirmed.