ARKANSAS STATE HIGHWAY COMM'N v. MARTHA P. DARR

5-4845                                        437 S.W. 2d 463

Opinion Delivered February 24, 1969

*Thomas B. Keys* and *Kenneth R. Brock* for appellant.

*Lawes & Schulze* and *Phil H. Loh* for appellee.

Lyle Brown, Justice. This is an eminent domain case wherein appellee, Martha P. Darr, was awarded $50,000 for lands taken by the Arkansas State Highway Commission. The Commission appeals on the single ground that there is no substantial evidence to support the verdict.

Mrs. Darr, a widow, owns a farm in Conway County consisting of 280 acres. Interstate 40 right-of-way traverses the southwest corner of her property at an angle. The taking of 9.55 acres left a strip of 6.6 acres in the extreme southwest corner isolated from the remainder of the lands. The taking cut off Mrs. Darr's only means of public access. Prior to the taking a public road led from Highway 64 to the farm and connected with it at the southwest corner. After the taking she has access by that route only to the 6.6 acres and can go no farther upon her lands because of Interstate 40. The remaining unit of 264 acres is completely surrounded by the right-of-way and other landowners. Future access to the large tract would have to be by permission of neighboring landowners or by condemnation

proceedings brought by Mrs. Darr to establish a public road across her neighbors' property.

Two expert witnesses testified on behalf of Mrs. Darr. It was C. V. Barnes' opinion that appellee had been damaged $38,500. Lloyd Pearce fixed her damages at $43,250. The only other landowner testimony considered on damages was that of Mrs. Darr. She fixed her damages at $98,500. So a verdict of $50,000 must stand or fall on the strength of Mrs. Darr's testimony.

We are committed to the majority rule that a landowner is permitted to testify because of his status as an owner. *Arkansas State Highway Comm'n.* v. *Fowler,* 240 Ark. 595, 401 S.W. 2d 1 (1966); reaffirmed in *Arkansas State HighWay Comm'n.* v. *Drennen,* 241 Ark. 94, 406 S.W. 2d 327 (1966). But as pointed out in *Fowler,* the weight of the landowner's value testimony is affected by his knowledge of values. Before Mrs. Darr's conclusion on damages can pass the substantial evidence test, her testimony must be examined to see if she gave a satisfactory explanation for her conclusion. *Arkansas State Highway Comm'n.* v. *Byars,* 221 Ark. 845, 256 S.W. 2d 738 (1953). We also said in *Byars* that the determination of substantial evidence is a question of law and not of fact.

Mrs. Darr's testimony on her damages is clearly not substantial. Her husband owned this property when they were married in 1941. She has been a registered nurse since 1933 and presently resides and works in Russellville, some twenty miles distant. It is not disclosed when she resided on this land, if ever. She showed no reasonable knowledge of market values of lands in the community. She was never asked if she had an opinion as to the fair market value of her lands; she was merely asked the worth of the lands without any restriction on the meaning of ''worth.'' It is apparent that she had a sentimental attachment for the

farm. She frankly stated that she would not sell it for any price "because my husband told me to keep it." She reduced the value of the remainder from $400 to $50, whereas her expert witness, C. V. Barnes, placed a value of $220 per acre on the remainder. It was her theory that her lands were hopelessly locked off from any possible access. She forecasted no reasonable cooperation from her neighbors. That attitude was in the face of the fact that one neighbor had offered her access if she would contribute to the cost of construction. Another neighbor was permitting Mrs. Darr's present tenant to use that neighbor's private road for ingress and egress.

Having concluded that Mrs. Darr's testimony was not substantial, we must hold the verdict to be excessive.

We have on many occasions offered the landowner in eminent domain cases the opportunity to enter a remittitur. The allowance of remittiturs by our Court is almost as old as our jurisprudence; however, the rule is not the same in all cases. We think it would be helpful to the bench and bar if the two general rules governing remittiturs were here stated in the hope that such a statement will contribute to clarity.

1. There are those cases in which no error is committed in the trial court which might affect the verdict. Yet it is sometimes shown by the record before us that a verdict clearly goes beyond the limit of just compensation. That may be caused, for example, wherein a jury misconceives the proper standard of measuring damages; or the jury may be "prompted by sympathy for the plaintiff or prejudices against the defendant." That situation was before the Court in *St. Louis, I.M.&S. Ry.* v. *Snell,* 82 Ark. 61, 100 S.W. 67 (1907). There we find the general rule:

In this case there is no error of the court to cure, and we require the plaintiff to remit down to

an amount that we would be willing to approve if the jury had returned a verdict for that amount.

The *Snell* case was cited with approval in *Missouri Pac. R.R.* v. *Newton,* 205 Ark. 353, 168 S.W. 2d 812 (1943); and in *Louisiana & Ark. Ry.* v. *Rider,* 103 Ark. 558, 146 S.W. 849 (1912). Since 1907 the same general rule enunciated in *Snell* has been applied in a multitude of cases.

2. A second and different rule applies where there is error in the trial court which enhances the award. The rule in such a case is exhaustively treated in *St. Louis, I.M.&S. Ry.* v. *Adams,* 74 Ark. 326, 86 S.W. 287 (1905). Succinctly stated, the holding in that case is that if the injured party is entitled to recover this Court may, in its discretion, fix an amount which it can see is *clearly not excessive.* This guideline and reasoning is recited:

> The court must be certain not to put the amount too high; for, as before stated, the defendant has no option in the matter, and must submit to the judgment allowed by the court, while the plaintiff has the right to reject the offer if he chooses to do so. There is, then, little danger in putting the amount low, and the court should always go down to a sum which it can feel certain that the defendant should pay, and which under the evidence the plaintiff is clearly entitled to recover. If it should be less than the plaintiff is entitled to under the evidence, the defendant is not injured; for, if the plaintiff accepts it, defendant then gets off with less than he was liable to pay. On the other hand, as plaintiff is not compelled to accept the amount offered, he has no ground for complaint that the court, instead of reversing the case outright on account of an error for which he is partly to blame, and forcing him to undergo a new trial, gives him the privilege of taking the sum named, and by doing so of

getting some substantial compensation without the trouble and expense of further litigation.

*Adams* goes on to state that the Court "will be less inclined to grant this privilege [remittitur] where the errors at the trial have been gross, or where improper conduct on the part of plaintiff or his counsel has been such as to excite the prejudices of the jury."

The Adams case was cited with approval as late as the case of *Ark. State Highway Comm'n.* v. *Watkins,* 229 Ark. 27, 313 S.W. 2d 86 (1958). It was cited to support "established procedure."

The case before us falls within the second rule. That is because Mrs. Darr was not qualified to give value testimony and it is clear that her award was enhanced as a result of her opinion. The verdict was in excess of her highest value witness by $6750. This brings us to the most difficult problem of the case and one which has given us no little concern. Can we fix an amount which (1) we are certain is not too high and (2) fix it at a figure which under the evidence the defendant should pay and the landowner is clearly entitled to recover? When we speak of being certain we are in the realm of being unmistakably correct, free from doubt, infallible. It is our conclusion that we cannot so arrive at such a figure.

First, we consider the value testimony of four expert witnesses, two for each side. Mrs. Darr's witnesses fixed damages at $43,250 and $38,500; the Commission's witnesses fixed just compensation at $23,500 and $22,750. The testimony of her highest value witness, Lloyd Pearce, is subject to some doubt and uncertainty because he was not sure about the actual acreage in woodland; further, he did not calculate the possibility of Mrs. Darr gaining access over a ramp being built by one of Mrs. Darr's neighbors. The testimony of her other witness, C. V. Barnes, is more impressive and

particularly so because no serious attack is made on his evidence on appeal. Yet, to accept his figure with the certainty and clarity required by law, we would have to shut our eyes to the testimony of witnesses Mashburn and McMurrough for the Commission. Their qualifications are impressive and their evidence reflects a professional study of the involved lands and surrounding farms; and they fortified their conclusions by what appeared to be fairly comparable sales.

Summarizing, the testimony of Barnes, Mashburn, and McMurrough can all be classed as substantial; yet they arrived at different conclusions. For that reason and additionally because we did not have the advantage of hearing the witnesses, we would have to speculate to fix a remittitur.

Reversed and remanded.