ARKANSAS STATE HIGHWAY COMMISSION *v.*
ROBERT M. PERRYMAN AND LUCILLE E. PERRYMAN,
HIS WIFE

5-4960                               444 S. W. 2d 564

Opinion delivered September 15, 1969

*Thomas B. Keys* and *Kenneth R. Brock*, for appellant.

*Mobley, Bullock & Harris*, for appellees.

JOHN A. FOGLEMAN, Justice. The judgment appealed was a jury award to appellees in an eminent domain proceeding. Appellant contends that the verdict for $26,000 was not supported by substantial evidence. We agree and remand the case for a new trial.

Appellees presented four witnesses on the question of just compensation. They were appellee Robert M. Perryman, Jackson Ross, Merle Lemley and Jim Pledger.

The lands involved were taken for construction and relocation of approaches to the New Dardanelle Bridge and highway facilities. The lands actually taken consisted of 520 square feet with a depth of approximately nine and one-half feet. The tract from which they were taken consisted of 5,940 square feet with a frontage of 54 feet on Highway No. 7. There was a building on the property used by appellees for the operation of the White Castle Restaurant in Dardanelle. The property was zoned commercial, and the zoning ordinances prohibited the construction of any building closer than 50 feet to a highway right-of-way line. The right-of-way line after the taking came within 52 inches of the entrance to the building. It was admitted by one of the appellant's value witnesses that the right-of-way line came within inches of the front stoop of the building. There seems to be little question that the construction plans provided for a sidewalk with a curb in front of the building. This sidewalk and curb will be on the highway right-of-way and will be within 10 feet of the right-

of-way line nearest the building. The sidewalk will be five feet from the building. One of the state's value experts testified that the building was on a concrete slab and could not be moved. All of the witnesses agreed that it was no longer suitable for use as a cafe because of the lack of room for parking in front.

Robert M. Perryman testified that the property was worth $45,000 before the taking and the value of the remainder was $3,000, leaving a difference of $42,-000. He said that the figures he gave were what the property was worth to him. His testimony cannot be considered as substantial because compensation cannot be based on value to the owner.[1] *Little Rock Junction Ry.* v. *Woodruff,* 49 Ark. 381, 5 S. W. 792; *Desha* v. *Independence County Bridge District No.* 1, 176 Ark. 253, 3 S. W. 2d 969. See also *Arkansas State Highway Commission* v. *Darr,* 246 Ark. 204, 437 S. W. 2d 463.

Jackson Ross used the market value approach in making the appraisal of the property. He valued the Perryman tract at $250 per front foot. He referred to two sales of property that he used as a basis for his opinion. He related that the sale of a corner lot three years earlier was sold for $139 per front foot. He also referred to the sale of another corner lot having dimensions of 115 feet by 110 feet which sold for $15,000 two years earlier. He admitted that the latter tract was "possibly a little better" for commercial purposes than the subject property and that a corner lot was always preferable. His only explanations of the differences producing the substantially higher front foot and square foot value were that, due to a greater demand, there was an advance in the real estate market in the period intervening between the sales and the taking of appellees' property and that the property damaged was in a better

[1]This is not a situation in which the property has a value peculiar to the particular owner which would not accrue to others who might acquire it.

location due to a greater volume of passing traffic. He did not attempt to explain or exemplify the extent of the price increase or its effect on the Perryman property nor did he state the relative traffic volumes and the degree of the effect of that factor. Although he testified about the replacement cost of the building, he did not know what kind of roof it had and seemed uncertain about the composition of the exterior and interior walls. He valued the property remaining after the taking at only $500, stating that he did not believe there was any market for the property. The principal basis for this opinion was his understanding that one stepping out the door was stepping onto the highway. Although he had looked at the construction plans, he seemed to be unfamiliar with t he location of a sidewalk and curb shown thereon relative to the building. He did not know where the pavement would be. His knowledge of this factor did not afford sufficient basis for a statement that the building on the property was rendered completely worthless and that the remaining lot was reduced in value from $13,500 to $500.

Merle Lemley based his value opinions only on his everyday experience of one and one-half years as a real estate broker. While he found the building valueless after the taking, he never saw the right-of-way map, or the plans and specifications for construction, and did not know that appellant was to construct a sidewalk and curb in front of the building. When asked what particular experience he was using as a basis for his lot valuation, he answered:

"I am not making reference to any particular experience. I do this every day, all day long; and I am applying my overall experience and background."

He stated that he did not believe that one could draw comparisons of real estate sales in condemnation proceedings, but thought that true market value depended

upon what the buyer and seller think. This lack of foundation for the opinion of this witness was demonstrated on cross-examination.

Jim Pledger placed a "before taking" value of $245 per front foot on the property. Apparently he based his value, in substantial part, on some of the same sales referred to by Jackson Ross. He did not give a satisfactory explanation on cross-examination for the fact that he placed a very much higher value on the subject property than was realized on any sale to which he referred. He even stated that one of these was not a comparable sale. While he stated that property values had changed during the years intervening between the sales referred to and the taking of the property, he also failed to give any measure of this change or its resulting effect on the property involved. He was not familiar with any sales in Dardanelle during the year 1966.

In deciding the question of law whether the verdict is supported by substantial evidence we must evaluate the opinions of the witnesses for appellees in relation to the bases upon which they are founded. *Arkansas State Highway Commission* v. *Snowden,* 233 Ark. 565, 345 S. W. 2d 917. When we do so, we cannot say that they constitute substantial evidence supporting the jury verdict.

Motions were made to strike the value testimony of all the witnesses for appellees, except that of Perryman. In view of the disposition we make of this case, we find it unnecessary to discuss the overruling of these motions at length. The fact that Ross gave a front-foot basis for the land value would not subject his testimony to being stricken as contended by appellant, nor would all of his testimony with reference to replacement cost of the building. We do not agree with appellant that Ross gave replacement cost without consideration of the age of the building. The testimony of Lemley as to reproduction cost also made what he deemed an appropriate de-

preciation on the building and was not shown to be without substantial basis. Appellant did not rely on the overruling of its motion to strike the testimony of Jim Pledger.

We cannot say with any degree of certainty what amount should constitute a maximum recovery in this case. There is little doubt that Ross and Pledger have the qualifications required of value experts. Ross's testimony showed a damage to the building in the amount of $15,200. Pledger's opinion was that this damage amounted to $18,154, while Lemley placed this figure at $21,600. On the other hand, appellant's witnesses, whose qualifications are beyond question, placed this element of damage at $7,775 and $6,500. The differences lie both in "before" and "after" values of the various witnesses. Since we could only speculate in attempting to arrive at a remittitur which would clearly provide just compensation to the landowner and, if we did so, could not be assured that the recovery allowed was not too high, we reverse and remand for a new trial. See *Arkansas State Highway Commission* v. *Darr,* 246 Ark. 204, 437 S. W. 2d 463.