# ARKANSAS STATE HIGHWAY COMMISSION
## *v.* EZRA METZ ET UX

5-6009 482 S.W. 2d 802

## Opinion delivered July 24, 1972

*Thomas B. Keys* and *Phillip N. Gowan,* for appellant.

*Douglas Bradley,* for appellees.

GEORGE ROSE SMITH, Justice. The appellees, Ezra Metz and his wife, owned a 2.3-acre tract of land on which were situated a combined grocery store and service station, their own residence (attached to the store), and another residence occupied by Mrs. Metz's grandmother. The property is at the intersection of two paved state highways, No. 18 and No. 135.

The highway commission brought this action to condemn .39 of an acre of the tract for highway purposes. The taking does not directly touch the improvements on the land, but it will adversely affect the access to the property and will reduce the parking area available for customers of the store and service station. The jury fixed the land-owners' compensation at $10,000. For reversal the commission argues that certain testimony of Metz and of his expert witness Van Natta should have been stricken.

Metz, the landowner, testified that he had lived on the property and operated the grocery and service station for two years. He said that he was familiar with property values in the area. He explained that before the condemnation three or four customers had been able to park on the property. After the taking only one customer will be able to stop, so that additional customers cannot come in until that one leaves. Metz relied in part upon one other sale of comparable property in the vicinity. That property, comprising a fraction of an acre having a single residence upon it, had sold for $17,000. Metz valued his own property at $50,000 before the taking and at $35,000 after the taking. On cross examination he said that he had considered the property as a whole and was unable to break his figures down as between the value of the property taken and the damage to the remainder.

The court was right in refusing to strike Metz's value testimony. As Nichols points out, a landowner is generally held to be qualified to express his opinion about the value of his property. "He is deemed to have sufficient knowledge of the price paid, the rents or other income received, and the possibilities of the land for use, to have a reasonably

good idea of what it is worth." Nichols, Eminent Domain, § 18.4 [2] (3d ed., 1969).

Our cases so hold. We stated the basic rule in *Jonesboro, L. C. & E. R.R.* v. *Ashabranner,* 117 Ark. 317, 174 S.W. 548 (1915):

> The plaintiff also testified, giving her opinion as to the extent of the injury to the land, and there was a motion made to exclude that testimony from the consideration of the jury. Much latitude and discretion is allowed in the trial court in permitting [a] witness to give opinion as to value of land and the extent of the depreciation thereof, for, after all, it is but the opinion of the witness. Plaintiff resided on the land and was familiar with the conditions, and we think the court was justified in allowing her to state her opinion of the extent of the injury to the land and the depreciation in the value thereof.

See also a more extended discussion in *Ark. State Highway Commn.* v. *Muswick Cigar & Beverage Co.,* 231 Ark. 265, 329 S.W. 2d 173 (1959).

On the other hand, if the landowner is shown to have no knowledge about the value of the property, his opinion is not competent evidence. *Ark. State Highway Commn.* v. *Darr,* 246 Ark. 204, 437 S.W. 463 (1969). That, however, is certainly not the situation here. Metz had lived on the land and run the store and service station for two years. He explained how the loss of the parking area would affect the access of customers to the property. His opinion about the resulting depreciation in value was unquestionably competent.

There being no question of the elimination of an inadmissible element of compensation, we know of no authority holding that a witness must be able to subdivide his opinion into separate elements. Nor would such an allocation of the damages necessarily be of assistance to the jury. Here, for example, the commission's expert witness Watson testified that the land taken was worth $1,200 and the damage to the remainder was $3,300. When, however, he

was pressed on cross examination to explain how he arrived at the $3,300 figure, he said in substance that it was a judgment figure, based upon his experience and knowledge. The jury might readily have concluded that Metz, after two years of experience in operating the business on the property, was in a superior position to assess the depreciation in value resulting from the condemnation.

The appellant also insists that the following excerpts from Metz's testimony show that he was merely stating the value of the property to him:

A. I just figured my property worth $50,000, as I say, because of my home and store.

Q. That is what it is worth to you?

A. Yes, sir, and I believe $15,000 damage to it, because I don't believe it would be worth over $35,000 after the taking.

Q. That is your opinion, what it means to you?

A. Yes, sir.

We have held, it is true, that a landowner's statement of what the property is worth to him is not substantial evidence. *Ark. State Highway Commn. v. Perryman*, 247 Ark. 120, 444 S.W. 2d 564 (1969). That statement simply means that a landowner who has no knowledge of market values cannot be permitted to say how much the land is worth to him, since that is not the measure of just compensation. In the case at bar Metz had demonstrated an adequate knowledge of market values. His affirmative answer to a loaded question did not cause that knowledge to disappear, nor was it the equivalent of a positive assertion that he knew nothing about the value of the property except what it was worth to him.

We find no merit in the appellant's contention that the court should have stricken the expert witness Van Natta's testimony that the value of the property taken was $4,000 an acre. Van Natta had been a real estate appraiser for forty

years. He cited as a comparable sale a transaction in which a fractional acre had sold for $17,000. That property, however, had only a single residence upon it, instead of two residences and a commercial building. He also cited sales of purely residential property at from $3,000 to $3,500 an acre. It was evidently not possible to find an exactly comparable sale, involving a small tract with three buildings upon it. In fact, the commission's own expert, Watson, stated that there were very few sales that were "very comparable." Watson actually mentioned only two sales, neither of which had much similarity to the Metz land. The court did not abuse its discretion in sustaining the admissibility of Van Natta's opinion.

Affirmed.