ARKANSAS STATE HIGHWAY COMMISSION *v.*
N. F. BOWMAN, ET UX

5-6141                    490 S.W. 2d 112

Opinion delivered January 29, 1973
[Rehearing denied March 5, 1973.]

*Thomas B. Keys* and *Philip N. Gowen,* for appellant.

*Douglas Bradley* and *Jon R. Coleman,* for appellees.

FRANK HOLT, Justice. Appellant brought this action to condemn .58 of an acre from appellees' 13.5 acre tract of land. The jury fixed the appellees' (landowners) compensation at $7,500. For reversal the highway commission first contends that the court erred in failing to

strike the value testimony of the landowner Bowman. He valued his land at $15,000 per acre. He estimated his damages at $8,000 for the land taken and $7,000 to the remaining land. It is insisted that his testimony is merely an opinion of what the land was worth to him and there was no satisfactory explanation or reasonable basis for his conclusion as to damages for the land actually taken. Appellant does not question the severance damages on the theory that if the landowner's evidence as to the before value of his lands is insubstantial then the verdict cannot be sustained.

On direct examination Bowman testified that he had lived in the area for 30 to 31 years. He had been observant of property values, sales and land purchases in the area for several years. He had sold certain lots from other property in the area. One of these lots, 100' x 119', was sold for $3,000. Directly across the highway a 100' frontage lot sold for $3,000. However, Bowman did not consider this property as being comparable to his since it was "swamp ground." Bowman's severance damage opinion ($7,000) resulted from the appellant's removing 16" from a service station building being used for office purposes; also, as a result of the taking the highway will be closer to his residence located on the 13.5 acres and a part of the remaining lands will become unsuitable for residential or subdivision development which is its highest and best use. However, the following excerpt from the landowner's testimony on cross-examination reflects its defectiveness:

"Q. ***I believe you testified the land was worth $15,000 an acre in your opinion there on the highway frontage?

A. It would be with this. $8,000 and then $7,000 for the damage.

Q. Maybe I misunderstood you. I thought you told me you considered your land—not talking about damage or anything else—I thought you testified in your opinion you thought that land was worth $15,000 an acre. Did you say that?

A. I said I thought it probably would be worth that much.

Q. What did you base that on?

A. I didn't base it on anything.

Q. You don't know of any sale of an acre of ground along there at $15,000 an acre, do you?

A. No.

Q. What you are saying, that is what it is worth to you?

A. Right."

A landowner's testimony as to what the property is worth to him is not substantial evidence. *Ark. State Highway Comm'n* v. *Perryman,* 247 Ark. 120, 444 S.W. 2d 564 (1969). In the case at bar we are of the view that the cross-examination of Bowman revealed that his testimony is insubstantial since he candidly admitted that he "didn't base it [estimate] on anything," which prefaced his statement that his $15,000 per acre estimate represented what his property was worth to him. Appellees cite as controlling in this situation our recent case, *Arkansas State Highway Comm'n* v. *Metz,* 252 Ark. 1195, 482 S.W. 2d 802. There on cross-examination, Metz testified as to what the property was worth to him; however, since this was an isolated or "loaded question," we found no error because Metz, as did Bowman in the case at bar on direct examination, demonstrated an adequate knowledge of market values. In the instant case, however, we consider the questions and the resulting answers as being more than the result of a "loaded question." The question was not confined to what the property was worth to him. The landowner actually admitted that he "didn't base" his valuation on "anything." Therefore, as stated, we cannot approve his explanation as constituting a fair and reasonable basis.

Appellant next asserts for reversal that the court erred in failing to strike the value testimony of the landowner's expert witness, Van Natta. In view of a retrial we deem it necessary to discuss this assertion. This witness testified that $7,000 per acre was the before value of the property. It appears that he estimated the value of .58 acres taken at approximately $4,000 and allocated $3,000 for damages to the remaining lands for a total of $7,-

000. It is appellant's contention that Van Natta was unable to give a reasonable bases for his value opinion. Van Natta, on cross examination, testified that he established the before value by the use of comparable sales. He cited a $3,000 highway frontage sale acress the street from the Bowman property. He was unable to give the size or dimensions of this property. Van Natta admitted that the property had "a very decided difference" or "variable" between it and the subject property. He recited a $10,000 transaction involving a commercial tract (less than an acre) across the street from the Bowman property. However, he classified Bowman's property as being residential as to its highest and best use. At no time did he ever demonstrate a sufficient knowledge of any sales of lands for residential purposes in the area (Lake City) or in the nearby city of Jonesboro. He acknowledged there is a residential development on the south of Bowman's property. He stated he had made a study of the market in this area in "another appraisal," however, he didn't "have those figures with me." Although Van Natta testified no acreage now exists within the city limits of Lake City for residential development except appellees' lands, we are of the view that he did not demonstrate on cross-examination a reasonable and satisfactory basis for his value opinion. Of course, it was not necessary that comparable sales be limited to the city. He did not know the size of the property across the street which sold for $3,000. The $10,000 commercial sale of less than an acre admittedly was decidedly different in comparison to the subject property. In these circumstances we must hold Van Natta's testimony deficient.

"In deciding the question of law whether the verdict is supported by substantial evidence we must evaluate the opinions of the witnesses for appellees in relation to the bases upon which they are founded." *Ark. State Highway Comm'n v. Perryman*, supra. In the case at bar, as there, we cannot say that the value opinions of appellees constitute substantial evidence which supports the jury verdict.

Reversed and remanded.

HARRIS C. J., and BYRD, J., dissent.